

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SUSAN P. SCHARFSTEIN
Special Assistant Corporation Counsel
212-227-4071
Facsimile: (212) 788-8716
sscharfs@law.nyc.gov

September 4, 2007

*Endorsement*
*The plaintiff shall provide the requested release within one week of the date of this order. The Corporation Counsel will provide a copy of the records it receives pursuant to the release to plaintiff's counsel upon their receipt. The defendants shall answer or move with respect to the complaint within twenty-five days of receiving the records.*
*So Ordered. Naomi Reice Buchwald, USDJ*
*9/11/07*

**BY HAND**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Innocent v. City of New York, et al., 07 CV 4795 (NRB)

Dear Judge Buchwald:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, defendant respectfully requests (i) an order requiring plaintiff to produce an unsealing release pursuant to New York Criminal Procedure Law § 160.50 in the form annexed hereto as Exhibit A by a date certain, so that defendant can access the records pertaining to plaintiff's underlying arrest and criminal prosecution, and (ii) an extension of time in which to respond to the complaint until forty-five days after plaintiff provides such a release.

    By way of background, plaintiff brought this action on June 5, 2007, alleging, inter alia, false arrest and malicious prosecution allegedly resulting from an incident that took place on or about June 25, 2006. According to plaintiff, the underlying criminal charges ultimately were dismissed. (Complaint at ¶ 18). After this lawsuit was filed, defendant City of New York was forwarded a notice of waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. On that basis, defendant's response to the complaint is currently due on September 10, 2007. By letters dated August 1, 2007, and August 14, 2007, this office twice forwarded to plaintiff's counsel blank authorizations for release of records pursuant to NYCPL § 160.50, with a request that plaintiff execute the release and return it to us. I also followed up by telephone with plaintiff's counsel. After exchanging telephone messages several times, I finally spoke with plaintiff's counsel on August 30, 2007. At that time, Mr. Preston advised me that he

had received the requests for authorizations from my office. He also advised me for the first time that plaintiff did not intend to provide an executed release. After some discussion, Mr. Preston agreed to produce the release only if defendant agreed to produce the underlying documents immediately after having received them.

This office, therefore, has been unable to obtain the pertinent records relating to the underlying criminal matter as of yet, and cannot respond to the complaint in keeping with our Rule 11 obligations or conduct any investigation concerning plaintiff's allegations in this case so as to prepare a defense. Nor would we be able to properly engage in a Rule 26(f) conference, a Rule 16(b) conference, prepare initial disclosures, participate in discovery, or evaluate this matter for settlement at the appropriate times.

Accordingly, defendant requests that the Court order plaintiff to produce an executed release. Courts routinely require civil rights plaintiffs to produce § 160.50 authorizations in these circumstances. See, e.g., Hyer v. City of New York, 2006 U.S. Dist. LEXIS 49688 at *7-8 (S.D.N.Y. July 21, 2006) (dismissing complaint as to several plaintiffs because of extended delay and ordering remaining plaintiff to produce release within 10 days at risk of dismissal with prejudice); Cabble v. Rollieson, 2006 U.S. Dist. LEXIS 7385 at *28-29 (S.D.N.Y. Feb. 27, 2006) (defendants in § 1983 case alleging false arrest entitled to executed § 160.50 release prior to interposing answer); Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 at *4 (S.D.N.Y. Apr. 10, 2003) (recognizing need for authorization where a party brings a § 1983 action, thereby placing protected information at issue; dismissing complaint where plaintiff failed to produce authorization); see also Green v. Montgomery, 219 F.2d 52, 56-58 (2d Cir. 2000) (discussing waiver of confidentiality of sealed records).[1]

Production of a § 160.50 release to defendant to allow it to access sealed records does not constitute discovery, because it allows defendant only to access its own records as contrasted with records in plaintiff's possession. See Cabble, 2006 U.S. Dist. LEXIS 7385 at *27-28. As the production of a § 160.50 authorization is not within the discovery phase of the litigation, defendant should not be required to engage in a document production until the appropriate time after issue has been joined in keeping with the Federal Rules. Among other things, this will allow the parties an opportunity to confer as required by Rule 26(f), once the Court has set an initial conference and discovery then commences. See Rule 26(d). In Cabble, the court expressly recognized that production "the demand for the execution of Section 160.50 Releases is not discovery, and that the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint." 2006 U.S. Dist. LEXIS 7385 at *28.

Accordingly, defendant respectfully requests that the Court order plaintiff to provide the unsealing release by a date certain, and that defendant be permitted forty-five days upon receipt of the executed release to respond to the complaint. Defendant has made no previous request for an enlargement of time in which to respond to the allegations of the complaint.

---

[1] For the Court's convenience, copies of Lexis decisions are arranged in alphabetical order and annexed hereto as Exhibit B.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein

cc: Gregory Preston, Esq
    Preston Wilkins & Martin
    65 Broadway, Suite 508
    New York, NY 10006
       (by hand)