UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JIMMY INNOCENT,

                       Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, AND Unknown
Police Officers "JOHN DOE A-Z" individually and
in their capacities as Police Officers of the NYC
Police Department,

                       Defendants.

------------------------------------------------------------------x

**ANSWER**

07 CV 4795 (NRB)

<u>Trial By Jury Requested</u>

(filed by ECF)

       Defendants City of New York and the New York City Police Department, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to seek relief as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke this Court's jurisdiction as set forth therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as set forth therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about November 30, 2006;.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that more than 30 days have elapsed since that date, and admits that the claim has not been settled.

7. Defendants state that the allegations set forth in paragraph "7" of the complaint are conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unknown police officers, and admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and maintains the New York City Police Department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to sue the unknown police officers as set forth therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was arrested on or about June 25, 2006, at 38 West 138th Street, New York, New York.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except state that the allegations concerning whether the unidentified police officers were acting in the course of their employment, under color of law, and within the scope of their authority are legal conclusions rather than averments of fact and, accordingly, no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was transported to the 32nd NYPD precinct and processed as an arrest.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Admit the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that the indictment was dismissed as against plaintiff on or about September 21, 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "23" of this answer as if fully set forth therein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "28" of this answer as if fully set forth therein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "34" of this answer as if fully set forth therein.

36. Defendants state that the allegations set forth in paragraph "36" of the complaint are conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth in paragraph "36" of the complaint.

37. Defendants state that the allegations set forth in paragraph "37" of the complaint are conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, defendants deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that plaintiff makes the allegations set forth therein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "44" of this answer as if fully set forth therein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "49" of this answer as if fully set forth therein.

51. Defendants state that the allegations set forth in paragraph "51" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "55" of this answer as if fully set forth therein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

59. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

60. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

61. At all times relevant to the acts alleged in the complaint, defendants City of New York and the New York City Police Department, their agents and officials, acted reasonably in the proper and lawful exercise of its discretion. Therefore, defendants City of New

York and the New York City Police Department are entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

62. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

64. Punitive damages are not obtainable as against defendants City of New York or the New York City Police Department.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

65. Plaintiff lacks standing to seek declaratory and injunctive relief.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

66. The New York City Police Department is not a suable entity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

67. Plaintiff has failed to comply with one or more of the conditions precedent to suit.

**WHEREFORE**, defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        May 1, 2008

                                       **MICHAEL A. CARDOZO**
                                       Corporation Counsel of the City
                                          of New York
                                       Attorney for Defendants City of New York
                                       and the New York City Police Department
                                       100 Church Street
                                       New York, New York  10007
                                       (212) 227-4071

                                       By: _____/S/_____
                                               SUSAN P. SCHARFSTEIN (SS 2476)

To:     Gregory Preston, Esq.
          Preston Wilkins & Martin
          65 Broadway, Suite 508
          New York, NY  10006

Index No. 07 CV 4795 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY INNOCENT,

             Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND Unknown Police Officers "JOHN DOE A-Z" individually and in their capacities as Police Officers of the NYC Police Department,

             Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
 *Attorney for Defendants City of New York and*
 *the New York City Police Department*
 *100 Church Street*
 *New York, N.Y. 10007*
 *Of Counsel: Susan P. Scharfstein (SS 2476)*
 *Tel: (212) 227-4071*
 *NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................, 200 . . .*

*............................................................................................. Esq.*

*Attorney for..........................................................................*