Index No. 07 CV 4795 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY INNOCENT,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND Unknown Police
Officers "JOHN DOE A-Z" individually and in their
capacities as Police Officers of the NYC Police
Department,

Defendants.

## DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*the New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Susan P. Scharfstein*
*Tel: (212) 227-4071*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS ................................................................................................. 2

        A.  Plaintiff's Allegations ......................................................................... 2

        B.  Plaintiff's Arrest and Criminal Prosecution ....................................... 3

ARGUMENT

      POINT I

            PLAINTIFF HAS FAILED TO STATE A
            MONELL CLAIM AGAINST THE CITY OF
            NEW YORK AND HAS ERRONEOUSLY
            NAMED THE NEW YORK CITY POLICE
            DEPARTMENT, AS THE LATTER IS NOT A
            SUABLE ENTITY ........................................................................... 6

      POINT II

            IN ANY EVENT, PLAINTIFF CANNOT SHOW
            AN UNDERLYING VIOLATION OF HIS
            RIGHTS ........................................................................................... 9

      POINT III

            THE DOCTRINES OF ABSOLUTE AND/OR
            QUALIFIED IMMUNITY APPLY AND,
            THEREFORE, PLAINTIFF HAS NO VIABLE
            CLAIMS AGAINST ANY INDIVIDUAL
            DEFENDANT ................................................................................. 16

      POINT IV

            THIS COURT SHOULD DISMISS OR DECLINE
            JURISDICTION OVER ALL OF PLAINTIFF'S
            STATE LAW CLAIMS ................................................................... 19

CONCLUSION ................................................................................................................. 22

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Aldinger v. Howard,
   427 U.S. 1 (1976)..................................................................................................21

Amnesty America v. Town of W. Hartford,
   361 F.3d 113 (2d Cir. 2004)...............................................................................8

Anderson v. Creighton,
   483 U.S. 635 (1987)......................................................................................17, 18

Bernard v. United States,
   25 F.3d 98 (2d Cir. 1994)..........................................................................10, 12, 13

Blouin v. Spitzer,
   356 F.3d 348 (2d Cir. 2004)..............................................................................17

Boose v. City of Rochester,
   71 A.D.2d 59, 421 N.Y.S.2d 740 (4th Dep't 1979)...........................................13

Bright v. City of New York,
   1985 U.S. Dist. LEXIS 21042 (S.D.N.Y. Apr. 4, 1985)......................................21

Brogdon v. City of New Rochelle,
   200 F. Supp. 2d 411 (S.D.N.Y. 2002)..................................................................10

Broughton v. State,
   37 N.Y.2d 451, 373 N.Y.S.2d 87 (1975)...........................................................10

Bryant v. City of New York,
   2003 U.S. Dist. LEXIS 21642 (S.D.N.Y. Dec. 2, 2003)......................................21

Buckley v. Fitzsimmons,
   509 U.S. 259 (1993)........................................................................................17

Burns v. Reed,
   500 U.S. 478 (1991)........................................................................................16

Campbell v. Guiliani,
   2000 U.S. Dist. LEXIS 1617 (E.D.N.Y. Feb. 16, 2000).....................................12

Carmody v. City of New York,
   2006 U.S. Dist. LEXIS 25308 (S.D.N.Y. May 11, 2006)....................................9

**Cases** **Pages**

Carson v. Lewis,
    35 F. Supp. 2d 250 (E.D.N.Y. 1999) ..............................................................14, 18

Carter v. Port Authority,
    2004 U.S. Dist. LEXIS 25633 (S.D.N.Y. Dec. 20, 2004) .......................................20

Cerrone v. Cahill,
    2001 U.S. Dist. LEXIS 15380 (N.D.N.Y. Sept. 28, 2001) .....................................10

Ciambriello v. County of Nassau,
    292 F.3d 307 (2d Cir. 2002)....................................................................................15

City of Canton v. Harris,
    489 U.S. 378 (1989).............................................................................................7, 8

Colon v. City of New York,
    60 N.Y.2d 78 (1983) ..........................................................................................12, 13

Cox v. County of Suffolk,
    827 F. Supp. 935 (E.D.N.Y. 1993) ....................................................................13, 14

Crawford-el v. Britton,
    523 U.S. 574 (1998).................................................................................................18

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001)..................................................................................10, 11

D'Angelo-Fenton v. Town of Carmel Police Department,
    470 F. Supp. 2d 387 (S.D.N.Y. 2007)................................................................15, 16

Dixon v. Village of Spring Valley,
    6 A.D.3d 489, 774 N.Y.S.2d 574 (2d Dep't 2004) .................................................21

Doe v. State of New York,
    267 A.D.2d 913, 700 N.Y.S.2d 554 (3d Dep't 1999) .............................................21

Dwares v. City of New York,
    985 F.2d 94, 100 (2d Cir. 1993)..........................................................................7, 9

Eastman Kodak v. Image Tech. Services,
    504 U.S. 451 (1992).................................................................................................6

Escalera v. Lunn,
    361 F.3d 737 (2d Cir. 2004)...................................................................................18

<u>**Cases**</u>                                                                                                                      <u>**Pages**</u>

<u>Estate of Rosenbaum v. City of New York</u>,
    982 F. Supp. 894 (E.D.N.Y. 1997) ..................................................................21

<u>Eyer v. Evans</u>,
    2004 U.S. Dist. LEXIS 1266 (E.D. La. Jan. 30, 2004).........................................18

<u>Ferlito v. County of Suffolk</u>,
    2007 U.S. Dist. LEXIS 85523 (E.D.N.Y. Nov. 19, 2007).....................................20

<u>Green v. City of New York</u>,
    465 F.3d 65 (2d Cir. 2006)..........................................................................8

<u>Green v. Montgomery</u>,
    219 F.3d 52 (2d Cir. 2000)..........................................................................12

<u>Hernandez v. City of Rochester</u>,
    260 F. Supp. 2d 599 (W.D.N.Y. 2003) ...........................................................15

<u>Holcomb v. Lykens</u>,
    337 F.3d 217 (2d Cir. 2003)........................................................................17

<u>Illinois v. Gates</u>,
    462 U.S. 213 (1983)...................................................................................10

<u>Imbler v. Pachtman</u>,
    424 U.S. 409 (1976)...................................................................................16

<u>Jemmott v. Coughlin</u>,
    85 F.3d 61 (2d Cir. 1996)............................................................................18

<u>Jenkins v. City of New York</u>,
    478 F.3d 76 (2d Cir. 2007)........................................................................7, 8

<u>Kinzer v. Jackson</u>,
    316 F.3d 139 (2d Cir. 2003)....................................................................14, 18

<u>Komlosi v. Fudenberg</u>,
    2000 U.S. Dist. LEXIS 4237 (S.D.N.Y. Mar. 21, 2000) ......................................14

<u>Krause v. Bennett</u>,
    887 F.2d 362 (2d Cir. 1989)........................................................................10

<u>L.B. v. Town of Chester</u>,
    232 F. Supp. 2d 227 (S.D.N.Y. 2002)............................................................15

**Cases**                                                                                                                       **Pages**

Lee v. Sandberg,
   136 F.3d 94 (2d Cir. 1997)................................................................................17

Lee v. Williams,
   617 F.2d 320 (2d Cir. 1980),
   cert. denied, 449 U.S. 861 (1980) .....................................................................17

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995)................................................................................17

Linder v. City of New York,
   263 F. Supp. 2d 585 (E.D.N.Y. 2003) .............................................................16

Loria v. Gorman,
   306 F.3d 1271 (2d Cir. 2002).............................................................................11

Malley v. Briggs,
   475 U.S. 335 (1986).....................................................................................17, 18

Marcia v. Micewski,
   1998 U.S. Dist. LEXIS 13243 (E.D. Pa. Aug. 24. 1998)..................................11

Marshall v. Sullivan,
   105 F.3d 47 (2d Cir. 1996)................................................................................12

Martinez v. Simonetti,
   202 F.3d 625 (2d Cir. 2000).............................................................................17

Maryland v. Pringle,
   124 S. Ct. 795 (2003) .......................................................................................18

Mian v. Donaldson Lufkin & Jenrette Sec.,
   7 F.3d 1085 (2d Cir. 1993)...............................................................................16

Mon v. City of New York,
   78 N.Y.2d 309, 574 N.Y.S.2d 529 (1991) .......................................................21

Monell v. Department of Social Services,
   436 U.S. 658 (1978)..............................................................................3, 6, 7, 9

Obilo v. City University,
   2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003)...................................10

Oklahoma City v. Tuttle,
   471 U.S. 808, (1985).........................................................................................6

**Cases**                                                                                    **Pages**

Pierson v. Ray,
　　386 U.S. 547 (1967)..................................................................................................10

Pitchell v. Callan,
　　13 F.3d 545 (2d Cir. 1994)........................................................................................21

Posr v. Doherty,
　　944 F.2d 94 (2d Cir. 1991)........................................................................................20

Ricciuti v. New York City Trans. Authority,
　　124 F.3d 123 (2d Cir. 1997)......................................................................................10

Ricciuti v. New York City Transit Authority,
　　70 F. Supp. 2d 300 (S.D.N.Y. 1999).........................................................................14

Ricciuti v. New York City Transit Authority,
　　941 F.2d 119 (2d Cir. 1991)........................................................................................6

Rodick v. City of Schenectady,
　　1 F.3d 1341 (2d Cir. 1993)........................................................................................20

Rohman v. New York City Trans. Authority,
　　215 F.3d 208 (2d Cir. 2000)......................................................................................14

Rothstein v. Carriere,
　　373 F.3d 275 (2d Cir. 2004)......................................................................................12

Saleh v. City of New York,
　　2007 U.S. Dist. LEXIS 92193 (S.D.N.Y. Dec. 17, 2007) ....................................7, 9

Saucier v. Katz,
　　533 U.S. 194 (2001)......................................................................................17, 18, 19

Savino v. City of New York,
　　331 F.3d 63 (2d Cir. 2003)....................................................................................10, 19

Singer v. Fulton County Sheriff,
　　63 F.3d 110 (2d Cir. 1995),
　　cert. denied, 517 U.S. 1189 (1996) ........................................................................10, 20

Smith v. City of New York,
　　290 F. Supp. 2d 317 (E.D.N.Y. 2003) ..........................................................................16

**Cases**                                                                                          **Pages**

Smith v. City of New York,
    388 F. Supp. 2d 179 (S.D.N.Y. 2005)..................................................................20

State of Connecticut v. Crotty,
    346 F.3d 84 (2d Cir. 2003)................................................................................6

Taylor v. Kavanaugh,
    640 F.2d 450 (2d Cir. 1981)............................................................................17

Thomas v. Roach,
    165 F.3d 137 (2d Cir. 1999)............................................................................16

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985),
    cert. denied, 480 U.S. 916 (1987) ....................................................................6

Vogeler v. Colbath,
    2005 U.S. Dist. LEXIS 44658 (S.D.N.Y. Oct. 6, 2005) ...................................11

Walker v. City of New York,
    974 F.2d 293 (2d Cir. 1992)..............................................................................8

Washington v. County of Rockland,
    373 F.3d 310 (2d Cir. 2004)............................................................................20

Webb v. Goord,
    340 F.3d 105 (2d Cir. 2003)............................................................................15

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996)..............................................................10, 12, 20

White v. Frank,
    855 F.2d 956 (2d Cir. 1988)............................................................................14

Williams v. City of New York,
    2003 U.S. Dist. LEXIS 19078 (S.D.N.Y. Oct. 23, 2003) .................................15

Woo v. City of New York,
    1996 U.S. Dist. LEXIS 11689 (S.D.N.Y. Aug. 14, 1996) ...................................7

**Cases**                                                                          **Pages**

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)..........................................................................8

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993)....................................................................7, 17

**Statutes**

42 U.S.C. § 1983 ................................................................................ *passim*

42 U.S.C. § 1985 ....................................................................................3, 16

N.Y. G.M.L. § 50-e ..................................................................................19

N.Y. G.M.L. § 50-i ...................................................................................19

N.Y. City Charter § 396 .............................................................................9

Fed. R. Civ. P. 56 ......................................................................................1

Fed. R. Civ. P. 56(c) .................................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JIMMY INNOCENT,

                          Plaintiff,

                                                    07 CV 4795 (NRB)
              -against-


THE CITY OF NEW YORK, THE NEW YORK            (filed by ECF)
CITY POLICE DEPARTMENT, AND Unknown
Police Officers "JOHN DOE A-Z" individually and
in their capacities as Police Officers of the NYC
Police Department,

                          Defendants.


------------------------------------------------------------------------x


## DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants City of New York and the New York City Police Department submit this memorandum of law in support of their motion for summary judgment dismissing this action in its entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no viable claim against either of the defendants as a matter of law.

Plaintiff Jimmy Innocent brings this action pursuant to 42 U.S.C § 1983 arising out of his June 25, 2006 arrest in New York, New York, and subsequent criminal prosecution. On that date, plaintiff was arrested on charges of criminal possession trespass of a firearm and ammunition, criminal possession of marijuana, and criminal possession of a weapon after he was discovered by police unlawfully in a location containing weapons and large quantities of marijuana. Plaintiff subsequently was prosecuted after his case was presented to a grand jury

and he was indicted. Plaintiff nonetheless alleges civil rights violations. Specifically, he alleges § 1983 claims for false arrest and malicious prosecution. As set forth in more detail below, none of plaintiff's claims are viable and defendants are entitled to judgment in their favor on each of plaintiff's claims.

Plaintiff's claims should be dismissed in their entirety because he cannot establish a policy or practice so as to pursue a claim for municipal liability against defendant City of New York. Plaintiff also cannot show an underlying violation of a Constitutional right for false arrest or malicious prosecution. In any event, any individuals against whom he might wish to pursue claims are entitled to absolute and/or qualified immunity from suit. Moreover, the New York City Police Department is not a suable entity. Plaintiff's state law claims should be dismissed for failure to comply with conditions precedent to suit and on the merits or, alternatively, the Court should decline jurisdiction over all such claims. As there is no evidence in the record on which a reasonable jury could find that defendants violated a federally-protected right, this case should be dismissed.

## STATEMENT OF FACTS

**A.    Plaintiff's Allegations**

In this action filed on June 5, 2007, plaintiff alleges claims for false arrest and malicious prosecution. See generally Complaint. Plaintiff alleges that, on June 25, 2006, he was visiting the residence of George Kato, located on 138th Street in Manhattan, between 5th Avenue and Malcolm X Boulevard, when he was arrested without a warrant by New York City police officers. Complaint at ¶ 12. He was transported to the 32nd precinct, where he was charged, along with five other persons, with various counts of criminal possession of a weapon, criminal possession of marijuana, and possession of ammunition. Complaint at ¶ 14. He alleges that the evidence was not legally sufficient to charge him. Complaint at ¶ 15. He alleges that he was

2

nevertheless charged and confined to jail, Complaint at ¶ 16, and that his case was presented to a grand jury and he was indicted. Complaint at ¶ 16. His counsel moved for inspection of the grand jury minutes and dismissal of the indictment for lack of legally sufficient evidence. Complaint at ¶ 17. On September 21, 2006, the state court judge dismissed the indictment against plaintiff. Complaint at ¶ 18. The court concluded that "there was an absence of legally sufficient evidence establishing that defendant Innocent constructively possessed any of the items of contraband recovered in the apartment." Complaint at ¶ 18. Plaintiff alleges that he did not commit the crimes with which he was charged. Complaint at ¶ 22.

Plaintiff now alleges claims pursuant to 42 U.S.C. § 1983 and related state law claims. See Complaint at ¶¶ 24-58. He appears to allege federal law causes of action for false arrest, malicious prosecution, and municipal liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), as against defendant City of New York. Complaint at ¶¶ 37-51. He alleges that "the harm suffered by Innocent was a direct result of a policy or custom of the Defendant City of New York, which in implementing a grossly inadequate training program for the CITY POLICE, displayed a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York." Complaint at ¶ 39. He further alleges that the police engaged in a conspiracy in violation of 42 U.S.C. § 1985. Complaint at ¶ 42. He also alleges similar and related state law claims arising out of the same underlying events. Complaint at ¶¶ 45-58. He alleges that he timely filed a notice of claim in November of 2006, and complied with all conditions precedent to suit. Complaint at ¶¶ 5, 7.

**B.    Plaintiff's Arrest and Criminal Prosecution**

Plaintiff was arrested on June 25, 2006, on charges of criminal trespass with possession of a firearm and ammunition, criminal possession of marijuana, and criminal possession of a weapon after he was discovered by police unlawfully in a location containing

weapons and large quantities of marijuana. Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement at ¶ __"), at ¶ 2.[1]  Plaintiff was arrested after police officers observed another individual outside of a commercial establishment located at 31 West 138th Street in New York, New York. Rule 56.1 Statement at ¶ 3. Based on that individual's response to an officer's inquiries and other available information, police entered the location and proceeded to the second floor. Rule 56.1 Statement at ¶ 4.

The officers observed plaintiff and other individuals asleep in a large room on the second floor. Rule 56.1 Statement at ¶ 5. The officers also observed a switchblade knife, ammunition, and pipes used to smoke marijuana in the large room. Rule 56.1 Statement at ¶ 6. Police officers discovered large quantities of marijuana and a Smith and Wesson firearm in a plastic container in a smaller bedroom contained within the larger room in which another individual, George Kato, was sleeping. Rule 56.1 Statement at ¶ 9. The officers arrested all of the individuals in the location and obtained a search warrant for the premises. Rule 56.1 Statement at ¶¶ 10, 14. While they made the warrant application, police officers guarded the location to assure that no one entered the premises. Rule 56.1 Statement at ¶ 15. The officers subsequently recovered substantial quantities of marijuana and ammunition and loaded firearms from the location. Rule 56.1 Statement at ¶ 16.

Plaintiff was indicted by a grand jury on or about July 5, 2006, after the prosecutor instructed the jurors on the applicable law. Rule 56.1 Statement at ¶¶ 17, 18. He was charged with criminal possession of a weapon in the second degree (2 counts), criminal possession of a weapon in the third degree (2 counts), criminal possession of marijuana in the

---

[1] Defendants refer the Court to their Rule 56.1 Statement for a complete statement of the facts.

## ARGUMENT

Summary judgment is appropriate pursuant to Rule 56(c) when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and defendants are thus entitled to judgment dismissing plaintiff's claims as a matter of law. See, e.g., Eastman Kodak v. Image Tech. Servs., 504 U.S. 451, 457 (1992). As no reasonable jury could find in plaintiff's favor, his claims should be dismissed pursuant to Rule 56(c). See State of Connecticut v. Crotty, 346 F.3d 84, 102 (2d Cir. 2003).

## POINT I

### PLAINTIFF HAS FAILED TO STATE A MONELL CLAIM AGAINST THE CITY OF NEW YORK AND HAS ERRONEOUSLY NAMED THE NEW YORK CITY POLICE DEPARTMENT, AS THE LATTER IS NOT A SUABLE ENTITY

As set forth above, plaintiff alleges a claim pursuant to § 1983 against the City of New York. More specifically, he alleges that the City engaged in a policy or practice of inadequately training police officers and of deliberate indifference to the constitutional rights of persons, including plaintiff. Complaint at ¶ 39. However, plaintiff's allegations are conclusory and unavailing. He cannot meet the standard set forth in Monell to pursue a § 1983 claim against defendant City of New York, by proving a policy, custom, or practice of the City to which a violation of his rights was attributable.

To establish Monell liability, plaintiff must show that a violation of his rights resulted from a municipal custom or policy, see Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991), and a causal link between the alleged violation and the policy or custom. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985)). A single

second degree (1 count), criminal possession of a weapon in the fourth degree (1 count), and unlawful possession of ammunition (7 counts). Rule 56.1 Statement at ¶ 19.

On September 5, 2006, plaintiff's defense counsel in the criminal matter moved, inter alia, to dismiss or reduce the indictment on the grounds that the evidence before the grand jury was not legally sufficient to establish the offenses charged or lesser-included offenses; that plaintiff did not actually or constructively possess the weapons, marijuana, or ammunition identified in the indictment; and that no legal presumption applied. Rule 56.1 Statement at ¶ 20. He also moved for an inspection of the grand jury minutes. Rule 56.1 Statement at ¶ 21. The Manhattan District Attorney's office consented to an in camera review of the grand jury minutes, arguing, among other things, that the evidence before the grand jury supported the offenses charged, that the grand jury was properly instructed on the law. Rule 56.1 Statement at ¶ 22.

On September 21, 2006, the court issued a decision reflecting that it had reviewed the grand jury minutes in camera; that the prosecutor had instructed the grand jury that the charges against plaintiff were predicated on theory that plaintiff constructively possessed the items of contraband; that the prosecutor had requested an indictment against plaintiff based on evidence that he and others were located in close proximity to where the items were recovered; and concluded that the there was an absence of legally sufficient evidence establishing that plaintiff constructively possessed the items of contraband recovered from the location. Rule 56.1 Statement at ¶ 23. The court thus granted the motion to dismiss the indictment as against plaintiff, Rule 56.1 Statement at ¶ 24, and the charges were dismissed and sealed. Rule 56.1 Statement at ¶ 25.

On November 30, 2006, a document purporting to be a notice of claim filed by plaintiff was received by the Comptroller's Office of the City of New York. Rule 56.1 Statement at ¶ 26.

incident of alleged misconduct is insufficient to establish municipal liability.  See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

In his complaint, plaintiff does not identify any policy, custom, or practice that resulted in a violation of his rights.  He recites only a single incident of alleged misconduct, which does not rise to the level of a "policy, practice or custom" as required by Monell.  See, e.g., Woo v. City of New York, 1996 U.S. Dist. LEXIS 11689 at *15 (S.D.N.Y. Aug. 14, 1996).[2] He has alleged no facts to support an inference that the single incident at issue was attributable to an unconstitutional policy of the City of New York.  Where, as here, plaintiff has failed to allege any facts to support his contention of a custom or policy, he cannot sustain a claim for municipal liability.  See Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (citing Dwares, 985 F.2d at 100 (noting that "mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference").  Consequently, plaintiff can advance no federal claim against defendant City of New York.

An alleged failure to train or supervise may in some circumstances constitute an official policy or custom if the failure amounts to "deliberate indifference" to the rights of those with whom City employees interact.  See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007); Saleh v. City of New York, 2007 U.S. Dist. LEXIS 92193 at *27 (S.D.N.Y. Dec. 17, 2007).  To establish "deliberate indifference, " a plaintiff must show that:  (i) a policymaker knows "to a moral certainty" that city employees will confront a given situation, (ii) the situation either presents the employee with "a difficult

---

[2] For the Court's convenience, copies of Lexis and other unreported decisions cited in this memorandum are arranged in alphabetical order and annexed hereto as Exhibit A.

choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation," and (iii) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992); see also Jenkins, 478 F.3d at 94.

A policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events. Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citing Walker, 974 at 297). Moreover, to defeat summary judgment, a plaintiff must identify a specific deficiency in a training program and establish that the deficiency is "closely related to the ultimate injury," such that it "actually caused" the constitutional deprivation. Jenkins, 478 F.3d at 94 (quoting Green v. City of New York, 465 F.3d 65, 81 (2d Cir. 2006); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004) (quoting City of Canton, 489 U.S. at 391).

Plaintiff here has failed to identify any deficiency in training that was foreseeable, that was "closely related" to his alleged constitutional injury, or that "actually caused" the alleged deprivation of his rights. He has alleged no facts and come forward with no evidence to show that the City of New York provides inadequate, flawed, or otherwise deficient training on the subject on which his indictment was ultimately dismissed, i.e., constructive possession of contraband. See Complaint at ¶¶ 53, 54. Nor can he show that a person at a policymaking level could have known to a certain that the officers involved in the underlying incident would have confronted the particular situation with which they were faced and could have trained them to act differently. He cannot show that training or supervision would have made a difficult choice less difficult; that there was a history of police officers mishandling this situation; or that the wrong choice in the particular circumstances would frequently cause a deprivation of a person's constitutional rights. See Walker, 974 F.2d at 297-98; see Jenkins, 478 F.3d at 94. If anything,

8

the law on constructive possession is fact-dependent, and it would be impossible to train police officers to make the correct choice in every conceivable scenario. Indeed, the prosecutor in this case evidently disagreed with the state court judge on the legal analysis applicable to the circumstances presented in this case. Therefore, at a minimum, the officers would be entitled to qualified immunity, as discussed below.

Because he has failed to set forth any facts or relevant evidence to establish that the alleged wrong that he claims to have suffered was a consequence of the City's failure to adequately train, supervise, or discipline, the Court should grant summary judgment dismissing plaintiff's claim for municipal liability. See Saleh, 2007 U.S. Dist. LEXIS 92193 at *29-30.

Pursuant to New York City Charter § 396, the New York City Police Department is not a suable entity. See, e.g., Carmody v. City of New York, 2006 U.S. Dist. LEXIS 25308 at *7-8 (S.D.N.Y. May 11, 2006). Accordingly, there is no viable § 1983 claims against either the City of New York or the New York City Police Department here.

## POINT II

### IN ANY EVENT, PLAINTIFF CANNOT SHOW AN UNDERLYING VIOLATION OF HIS RIGHTS

To advance a federal claim against defendant City of New York, plaintiff also must prove an underlying violation of his constitutional rights. Plaintiff cannot do so and, accordingly, his Monell claim fails as a matter of law for this independent reason. Where plaintiff cannot show an underlying violation, he cannot pursue a claim for Monell liability. See, e.g., Dwares, 985 F.2d at 100. Indeed, he cannot pursue theories of false arrest, malicious prosecution, or conspiracy in the circumstances of this case.

To state a claim for false arrest, a plaintiff must show that "'(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the

plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."' Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Broughton v. State, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 93 (1975). Probable cause exists where there is "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996). The existence of probable cause is evaluated based on the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 230-32 (1983). In evaluating the probable cause determination, courts consider the facts available to the officer at the time of the arrest. Ricciuti v. New York City Trans. Auth., 124 F.3d 123, 128 (2d Cir. 1997) (citations omitted). The inquiry is an objective one. Cerrone v. Cahill, 2001 U.S. Dist. LEXIS 15380 at *23 (N.D.N.Y. Sept. 28, 2001) (citations omitted). Moreover, the validity of an arrest does not depend upon the ultimate disposition of the charges. Pierson v. Ray, 386 U.S. 547, 555 (1967); Obilo v. City Univ., 2003 U.S. Dist. LEXIS 2886 at *37 (E.D.N.Y. Feb. 28, 2003). The existence of probable cause is a complete defense to an action for false arrest. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

The information available to the police officers here was sufficient to establish probable cause. Probable cause does not require the police to sit as prosecutor, judge, or jury. Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001); Krause v. Bennett, 887 F.2d 362 (2d Cir. 1989). Nor does the validity of an arrest depend upon the ultimate adjudication of guilt or innocence. Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 419 (S.D.N.Y. 2002) (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)). A probable cause determination requires only a probability or substantial chance of criminal activity, not an actual showing that the arrestee took part in a crime. Illinois v. Gates, 462 U.S. 213, 245 (1983).

10

As noted above, plaintiff was arrested after police officers observed him in a room that contained weapons, marijuana, and other contraband, and plaintiff was discovered in the vicinity of these items. Rule 56.1 Statement at ¶¶ 6, 7. Plaintiff does not dispute that there was contraband at the scene; rather, he merely asserts that he did not see any when he entered the location. Rule 56.1 Statement at ¶ 11. He concedes that, when he entered the apartment, he went directly to sleep and did not survey the area of the room in which he slept. Rule 56.1 Statement at ¶ 12. He cannot deny that the items were nearby and a reasonable person might have believed that they were in his possession. He also had $600 in cash on his person at the time of his arrest. Rule 5.1 Statement at ¶ 8. That, together with evidence of marijuana and weapons raised an inference that he might be involved in criminal activity. There was thus ample probable cause for his arrest. See Vogeler v. Colbath, 2005 U.S. Dist. LEXIS 44658 at *13 & n.4 (S.D.N.Y. Oct. 6, 2005) (probable cause for arrest based on suspicion that plaintiff was committing or had committed a crime where it was undisputed that plaintiff was in the hotel room from which narcotics, large amounts of currency, and contraband were recovered; neither plaintiff's subjective awareness of or proximity to the contraband nor its the precise location in the room was material to the existence of probable cause); Marcia v. Micewski, 1998 U.S. Dist. LEXIS 13243 (E.D. Pa. Aug. 24. 1998) (based on undisputed facts and circumstances as they appeared to officer at time of arrest, including plaintiff's proximity and ready access to controlled substance, there was probable cause to arrest on a theory of constructive possession).

There is thus ample undisputed evidence to establish probable cause for plaintiff's arrest. Before making an arrest, if an arresting officer has probable cause, he or she "need not also believe with certainty that the arrestee will be successfully prosecuted." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). Probable cause is "an assessment of probabilities, not an ascertainment of truths." Loria v. Gorman, 306 F.3d 1271, 1288-89 (2d Cir. 2002). Based on

the facts available to the officers at the time, there was probable cause for plaintiff's arrest. As plaintiff cannot show an absence of probable cause, as he is required to do, his false arrest claim is fatally flawed. See Campbell v. Guiliani, 2000 U.S. Dist. LEXIS 1617 at *7 n.3 (E.D.N.Y. Feb. 16, 2000) (recognizing that plaintiff has burden of proof on probable cause element in § 1983 action for false arrest).

The existence of probable cause also is a complete defense to an action for malicious prosecution. Weyant, 101 F.3d at 852. Under New York law, a grand jury indictment creates a presumption of probable cause for the purposes of a malicious prosecution claim. Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000) (citing Marshall v. Sullivan, 105 F.3d 47, 54 n.2 (2d Cir. 1996)). To rebut that presumption, plaintiff must demonstrate that the indictment was procured by fraud, perjury, the suppression of evidence, or other conduct undertaken in bad faith in the grand jury. Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004); Green, 219 F.3d at 60 (citing Bernard, 25 F.3d at 104); Colon v. City of New York, 60 N.Y.2d 78, 83 (1983).

In this case, plaintiff was indicted by a grand jury on or about July 5, 2006. Rule 56.1 Statement at ¶ 18. The prosecutor instructed the grand jury on the applicable law. Rule 56.1 Statement at ¶ 17. Thereafter, a grand jury returned an indictment against plaintiff. Rule 56.1 Statement at ¶ 18. In so doing, the jurors' actions reflected that they believed the testimony of the witnesses as to the underlying facts. The state court judge ultimately disagreed with the prosecutor and dismissed the indictment for a lack of legally sufficient evidence. Rule 56.1 Statement at ¶ 23. Accordingly, the prosecution against plaintiff terminated as a result of difference concerning the law of constructive possession as between the state court judge and the prosecutor.

Research has uncovered only one federal decision addressing the effect on a claim for malicious prosecution of a state judge's decision to dismiss an indictment as legally

12

insufficient. See Cox v. County of Suffolk, 827 F. Supp. 935 (E.D.N.Y. 1993). In that case, the court concluded that the presumption did not apply. 827 F. Supp. at 939. However, we believe that that case was wrongly decided. The Cox decision does not take account of the fact that, before returning a true bill, the grand jury heard the testimony of fact witnesses and deemed them credible. The state court judge's later-issued decision dismissing the indictment for lack of legally sufficient evidence does not in any way undermine the grand jury's estimation of the truthfulness of the witnesses' testimony as to the facts on which the indictment was based. In the circumstances of this case, there is nothing in the state court judge's decision to suggest that the truthfulness of the witnesses or the presumption of independent prosecutorial decision-making.

Moreover, in Cox, the court specified that its holding applied where an indictment was dismissed "due to total lack of evidence in support of one of the elements of the charge charged." 827 F. Supp. at 939. The Cox court also recognized that written statements received from the both crime victim and the plaintiff within hours after plaintiff's arrest established that plaintiff could not have had the requisite state of mind to commit the crime. 827 F. Supp. at 939. By contrast, here, there was no lack of evidence to support a particular element of the crime charged; rather, the indictment was predicated on a theory of constructive possession adopted by the prosecutor, and evidence that plaintiff "'was in close proximity to the desk where the switchblade knife, the bullets and from where subsequently a loaded firearm was recovered."' See Rule 56.1 Statement at ¶ 23 and Exhibit M to the Declaration of Susan P. Scharfstein submitted herewith ("Scharfstein Decl."). Therefore, plaintiff cannot rebut the presumption of probable cause by showing fraud, perjury, suppression of evidence, or other conduct undertaken in bad faith in the grand jury. See Bernard, 25 F.3d at 104.

Further, the Cox court noted that neither of the New York State court decisions in Boose v. City of Rochester, 71 A.D.2d 59, 421 N.Y.S.2d 740, 744 (4th Dep't 1979), and Colon v.

City of New York, 60 N.Y.2d 78, 468 N.Y.S.2d 453, 456 (1983), squarely addressed the issue and that the commentary on which the Cox court relied was purely dicta. 827 F. Supp. at 939 & n.1. The Cox decision also does not address the issue of qualified immunity, which is discussed below, or the role of the prosecutor in determining the legal sufficiency of the evidence, the decision to present a matter to a grand jury, or the decision as to how to instruct a grand jury on the law, the all of which fall squarely within the prosecutorial role.

Lastly, we note that plaintiff has not alleged facts to support the other elements of a malicious prosecution claim against a City employee. See Complaint at ¶¶ 29-33. To succeed on a claim for malicious prosecution, plaintiff must show that defendants (1) initiated or continued a criminal proceeding, (2) a termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motive for defendant's actions. See, e.g., Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). Plaintiff must prove each of these elements, see Ricciuti v. New York City Transit Auth., 70 F. Supp. 2d 300, 321 (S.D.N.Y. 1999), which he cannot do.

Plaintiff must allege facts to show that an officer played an active role in the prosecution, such as by encouraging or importuning authorities to act. See Rohman v. New York City Trans. Auth., 215 F.3d 208, 217 (2d Cir. 2000). Mere reporting of a crime to the district attorney and giving testimony are insufficient to satisfy the "initiation" element of a malicious prosecution claim. Rohman, 215 F.3d at 217 (citations omitted). A prosecutor's independent judgment to proceed is an intervening cause that absolves the officer. White v. Frank, 855 F.2d 956, 962 (2d Cir. 1988); Komlosi v. Fudenberg, 2000 U.S. Dist. LEXIS 4237 at *33-34 (S.D.N.Y. Mar. 21, 2000). A claim for malicious prosecution is within the judicial phase of a prosecution, which the district attorney shapes. See Carson v. Lewis, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999). The chain of causation is broken once the prosecutor brings charges. See

Williams v. City of New York, 2003 U.S. Dist. LEXIS 19078 at *19 (S.D.N.Y. Oct. 23, 2003). Thus, to sustain a claim, plaintiff must allege and prove that the officers deliberately misled the prosecutor. See Williams, 2003 U.S. Dist. LEXIS 19078 at *18-19.

Plaintiff has alleged no facts to support a finding of malice. See L.B. v. Town of Chester, 232 F. Supp. 2d 227, 236 (S.D.N.Y. 2002). There is no evidence of any personal animus toward plaintiff. See Hernandez v. City of Rochester, 260 F. Supp. 2d 599, 615 (W.D.N.Y. 2003). There is no evidence here but that the police officers merely put forward the facts. They informed the prosecutor of the underlying facts and signed criminal court affidavits. See Exhibits F and H to Scharfstein Decl. The prosecutor decided on the charges to be brought and to pursue the matter at beyond arraignment. As there is no evidence that a police officer even participated in the decision to prosecute, let alone pressed the prosecutor to move the case forward, this claim is fatally flawed for this reason alone.

Lastly, to the extent, if any, that plaintiff intends to advance a conspiracy claim against the City of New York, a conspiracy claim fails in the absence of an underlying violation. See D'Angelo-Fenton v. Town of Carmel Police Dep't, 470 F. Supp. 2d 387, 397, 398 (S.D.N.Y. 2007). He also does not allege the elements of such a claim with sufficient particularity. Nor can he prove the elements of a conspiracy. He also cannot prove an agreement between a state actor and a private party to act in concert to inflict an unconstitutional injury and an overt act in furtherance of that goal for the purpose of a § 1983 claim. See, e.g., Webb v. Goord, 340 F.3d 105, 110-111 (2d Cir. 2003). He has not alleged and cannot prove an agreement between a state actor and a private party to act in concert to inflict an unconstitutional injury and an overt act in furtherance of that goal for the purpose of a § 1983 claim. See, e.g., Webb v. Goord, 340 F.3d 105, 110-111 (2d Cir. 2003). Vague allegations of conspiracy without specific factual content should be dismissed. Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002). Under

§ 1985, plaintiff must prove an agreement to deprive a person or class of persons of the equal protection of the laws, an overt act, and an injury. See, e.g., Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). A conspiracy must be motivated by class-based invidious discriminatory animus. Mian v. Donaldson Lufkin & Jenrette Sec., 7 F.3d 1085, 1088 (2d Cir. 1993). Conclusory allegations of conspiracy under § 1985 also should be dismissed. Id. Moreover, a conspiracy claim fails in the absence of an underlying violation. See D'Angelo-Fenton v. Town of Carmel Police Dep't, 470 F. Supp. 2d 387, 397, 398 (S.D.N.Y. 2007). This claim, if alleged with more particularity, also might be barred by the intra-enterprise conspiracy doctrine, based on which members of a single organization or entity, such as New York City employees, cannot as a matter of law conspire with one another. See, e.g., Smith v. City of New York, 290 F. Supp. 2d 317, 320 (E.D.N.Y. 2003); Linder v. City of New York, 263 F. Supp. 2d 585, 591 (E.D.N.Y. 2003).

## POINT III

### THE DOCTRINES OF ABSOLUTE AND/OR QUALIFIED IMMUNITY APPLY AND, THEREFORE, PLAINTIFF HAS NO VIABLE CLAIMS AGAINST ANY INDIVIDUAL DEFENDANT

Plaintiff has no viable claims against any individual whom he might propose to name in this lawsuit, and therefore, this case should be dismissed with prejudice at this stage. Any such individuals would be to absolute or qualified immunity from suit.

To the extent that plaintiff argues that the prosecutor did not fulfill his responsibilities, a prosecutor has absolute immunity from liability in his prosecutorial role. See, e.g., Burns v. Reed, 500 U.S. 478, 486 (1991) (citing Imbler v. Pachtman, 424 U.S. 409, 430-431

(1976)); <u>Ying Jing Gan</u>, 996 F.2d at 530.[3]  To the extent that he brought forward criminal charges against plaintiff based on his understanding of the law, with which the state judge disagreed, the officers should be entitled to qualified immunity.

      An official is entitled to qualified immunity if either (1) his conduct did not violate a clearly established right of which a reasonable person would have known, or (2) it was "objectively reasonable" to believe that his actions did not violate a clearly established right. <u>See</u>, <u>e.g.</u>, <u>Anderson v. Creighton</u>, 483 U.S. 635, 637-41 (1987); <u>Holcomb v. Lykens</u>, 337 F.3d 217, 220 (2d Cir. 2003).  Even where a right is well established, this defense applies where reasonably competent officials could disagree as to whether the conduct at issue would violate an established right, <u>Malley v. Briggs</u>, 475 U.S. 335, 345 (1986), or if it was objectively reasonable for the officer to believe that his acts did not violate a right.  <u>See Lee v. Sandberg</u>, 136 F.3d 94, 102, 104 (2d Cir. 1997); <u>see also</u> <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir. 1995) (police may be shielded from liability when they are required to make on-the-spot judgments in tense circumstances); <u>cf.</u> <u>Malley</u>, 475 U.S. at 345-46 (officers not personally liable even if they mistakenly conclude that their actions are lawful).  An officer acts in an objectively reasonable manner unless "no officer of reasonable competence could have made the same choice in similar consequences." <u>Lee</u>, 136 F.3d at 102.  In such a case, there is "arguable probable cause" and officers are protected by qualified immunity.  <u>See</u>, <u>e.g.</u>, <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001); <u>Martinez v. Simonetti</u>, 202 F.3d 625, 634 (2d Cir. 2000).

---

[3] This doctrine applies where the actions are a part of a prosecutor's traditional adversarial functions. <u>See</u>, <u>e.g.</u>, <u>Taylor v. Kavanaugh</u>, 640 F.2d 450, 452 (2d Cir. 1981) (absolute immunity for prosecutor in plea bargaining and sentencing proceedings); <u>Lee v. Williams</u>, 617 F.2d 320, 322 (2d Cir. 1980), <u>cert. denied</u>, 449 U.S. 861 (1980) (absolute immunity for prosecutor for alleged falsification of evidence and coercion of perjured testimony).

This doctrine protects officials from the costs of defending suits. Crawford-el v. Britton, 523 U.S. 574, 600 (1998). It recognizes "the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Carson v. Lewis, 35 F. Supp. 2d 250, 264 (E.D.N.Y. 1999) (quoting Jemmott v. Coughlin, 85 F.3d 61, 66 (2d Cir. 1996)). The doctrine is "an entitlement not to stand trial or face other burdens of litigation." Saucier, 533 U.S. at 201. This defense should be resolved at the earliest possible stage of a litigation and before trial. Saucier, 533 U.S. at 201; see also Anderson, 483 U.S. at 646 n.6 (concluding that qualified immunity issues should be resolved preferably in a dispositive motion); Malley, 475 U.S. at 341 (qualified immunity should be summarily adjudged if the officer was not on notice that his conduct would be clearly unlawful). Qualified immunity is independent of the merits of the underlying claims. Saucier, 533 U.S. at 204. A denial of summary judgment based on this defense is subject to immediate appellate review. Escalera v. Lunn, 361 F.3d 737,742-43 (2d Cir. 2004); Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

On this record, there can be no doubt that the officers acted in an objectively reasonable manner and are entitled to qualified immunity. It was objectively reasonable for them to believe that there was probable cause for plaintiff's arrest. See Eyer v. Evans, 2004 U.S. Dist. LEXIS 1266 at *8-10 (E.D. La. Jan. 30, 2004) (citing Maryland v. Pringle, 124 S. Ct. 795 (2003), and denying plaintiff's summary judgment motion on § 1983 claim for false arrest where police officers encountered a group of five people on riverbank, detected odor of marijuana, and saw some people in the group smoke it and pass it on, but did not see plaintiff in actual possession of the marijuana; recognizing that there was qualified immunity as to probable cause for plaintiff's arrest notwithstanding that the State would be unable to meet its burden of proof to obtain a conviction). To the extent that reasonable officers might disagree as to whether plaintiff

had control over the contraband as he slept nearby, the officers' conduct in arresting plaintiff could not be viewed as objectively unreasonable. See, e.g., Saucier, 533 U.S. at 202. To the extent that the law of constructive possession is fact-dependent and was not clearly established as applied to the particular circumstances in this case, the officers also would be entitled to qualified immunity. See Saucier, 533 U.S. at 202. Qualified immunity also is available as to claims for malicious prosecution claims, where there otherwise was at least arguable probable cause for an arrest. Savino, 331 F.3d at 78. The officers' conduct at each stage cannot be regarded as objectively unreasonable; nor can they be said to have violated a clearly established right. There can be no doubt that they are entitled to qualified immunity and should not be required to litigate plaintiff's claims to trial.

## POINT IV

### THIS COURT SHOULD DISMISS OR DECLINE JURISDICTION OVER ALL OF PLAINTIFF'S STATE LAW CLAIMS

Although plaintiff asserts state law claims (Complaint at ¶¶ 64 to 79), those claims are flawed for several reasons. Among other things, they are barred for plaintiff's failure to comply with conditions precedent to suit. Moreover, the arguments set forth above with respect to plaintiff's federal claims against the officers apply equally to the state law claims, and the latter should be dismissed on the merits for the same reasons. Alternatively, the Court should decline jurisdiction over all state law claims.

Based on New York General Municipal Law §§ 50-e and 50-i, a party asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must (i) file a notice of claim within ninety days after the incident, and (ii) commence an action within one year and ninety days from the date on which the cause of action

19

accrues. See also Smith v. City of New York, 388 F. Supp. 2d 179, 184 (S.D.N.Y. 2005); Carter v. Port Auth., 2004 U.S. Dist. LEXIS 25633 at *11-13 (S.D.N.Y. Dec. 20, 2004).

A document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about November 30, 2006. Rule 56.1 Statement at ¶ 26. Plaintiff concedes that he was arrested on June 25, 2006. Complaint at ¶ 12, 14; Rule 56.1 Statement at ¶ 2. He was arraigned within a day or so thereafter. Rule 56.1 Statement at ¶ 13. His claim for false arrest therefore arose in late June of 2006. Accordingly, plaintiff was required to file his notice of claim as to his state false arrest claim no later than the end of September of 2006. Where a party fails to comply with statutory notice-of-claim requirements, the Court should grant a motion to dismiss. See Ferlito v. County of Suffolk, 2007 U.S. Dist. LEXIS 85523 at *9-11 (E.D.N.Y. Nov. 19, 2007).

Moreover, a New York State law claim for false arrest is essentially the same as a § 1983 claim for false arrest, which rests on a Fourth Amendment right to be free from unreasonable seizures. See, e.g., Weyant, 101 F.3d at 852 (citations omitted); Posr v. Doherty, 944 F.2d 94 (2d Cir. 1991). The same applies to claims for malicious prosecution. See, e.g., Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004) (citations omitted) (courts borrow the elements of a § 1983 claim from state law); Singer, 63 F.3d at 114 (same).

Plaintiff alleges other state law claims against defendants on theories of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, training, and supervision. Complaint at ¶¶ 45-58. As set forth above, plaintiff cannot show a violation of his constitutional rights. Consequently, any derivative claims against the City must fail. See, e.g., Rodick v. City of Schenectady, 1 F.3d 1341, 1348 (2d Cir. 1993).

Moreover, under common law, a municipal corporation is entitled to interpose an immunity-to-suit defense. When official action involves the exercise of discretion or expert

20

judgment in policy matters, and is not ministerial, a municipal defendant generally is not liable for consequences of that action. See Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 534 (1991) (citations omitted). A municipal entity cannot be held liable for the negligent performance of a governmental function. Dixon v. Village of Spring Valley, 6 A.D.3d 489, 774 N.Y.S.2d 574, 576 (2d Dep't 2004). Thus, governmental immunity attaches to discretionary decisions such as those involving employee discipline. Doe v. State of New York, 267 A.D.2d 913, 700 N.Y.S.2d 554, 557 (3d Dep't 1999). The City of New York is entitled to the benefit of this defense as to plaintiff's state law claims.[4]

Alternatively, absent a viable federal claim, the Court should decline jurisdiction over the state law claims. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (approving lower court statement that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims"); see also Bryant v. City of New York, 2003 U.S. Dist. LEXIS 21642 at *47 (S.D.N.Y. Dec. 2, 2003) (dismissing pendent state claims after granting summary judgment as to federal claims). There is no basis to proceed against the City of New York based on wholly derivative state law claims without a showing that this defendant has violated a federal right. See, e.g., Bright v. City of New York, 1985 U.S. Dist. LEXIS 21042 at *5-6 (S.D.N.Y. Apr. 4, 1985) (citing Aldinger v. Howard, 427 U.S. 1 (1976)).

---

[4] Plaintiff's state law claims also are subject to New York State's more expansive doctrine of good faith immunity for law enforcement officers engaged in discretionary functions. See, e.g., Estate of Rosenbaum v. City of New York, 982 F. Supp. 894, 895-96 (E.D.N.Y. 1997). Pursuant to that common law doctrine, a government employee is immune from suit if he exercised discretion and judgment integral to his role. Estate of Rosenbaum, 982 F. Supp. at 895-96. The record reflects that the officers exercised the discretion and judgment inherent in a peace officer's job, and therefore should have immunity as to plaintiff's state law claims.

## CONCLUSION

As demonstrated above, plaintiff cannot show a violation of a federally-protected right. For these reasons, defendants' motion for summary judgment should be granted and this action should be dismissed with prejudice in all respects.

Dated:        New York, New York
              July 21, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants City of New York and the
                                        New York City Police Department
                                        100 Church Street
                                        New York, NY  10007
                                        (212) 227-4071


                                        By: _____/S/_____
                                            SUSAN P. SCHARFSTEIN (SS 2476)