UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JIMMY INNOCENT,

                                 Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, AND Unknown
Police Officers "JOHN DOE A-Z" individually and
in their capacities as Police Officers of the NYC
Police Department,

                              Defendants.

**DEFENDANTS'
STATEMENT OF
UNDISPUTED FACTS
PURSUANT TO LOCAL
CIVIL RULE 56.1**

07 CV 4795 (NRB)

(filed by ECF)

-----------------------------------------------------------------------x

        Defendants City of New York and the New York City Police Department submit

this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court

for the Southern District of New York, to set forth material facts as to which defendants contend

there are no genuine issues to be tried:

        1.      Plaintiffs filed this action on June 5, 2007, alleging claims for, inter alia,

false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983, and related and derivative

state law claims.  See generally Complaint, Exhibit A to Declaration of Susan P. Scharfstein

dated July 21, 2008 ("Scharfstein Decl.").

        2.      Plaintiff was arrested on June 25, 2006, on charges of criminal trespass

with possession of a firearm and ammunition, criminal possession of marijuana, and criminal

possession of a weapon after he was discovered by police unlawfully in a location containing

weapons and large quantities of marijuana.  Exhibit B to Scharfstein Decl.; Exhibit C to

Scharfstein Decl.; Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit R to Scharfstein Decl. at 24-27, 29-36, 66-69, 86-88, 96-106-109.

4.     On that date, police officers observed another individual outside of a commercial establishment located at 31 West 138th Street in New York, New York. Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit Q to Scharfstein Decl. at 70-74; Exhibit R to Scharfstein Decl. at 73-79.

4.     Based on the individual's response to an officer's inquiries and other available information, police entered the location and proceeded to the second floor. Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit R to Scharfstein Decl. at 76-79, 81-84.

5.     The officers observed plaintiff and other individuals asleep in a large room on the second floor. Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit Q to Scharfstein Decl. at 70-74; Exhibit R to Scharfstein Decl. at 36, 84.

6.     The officers also observed a switchblade knife, ammunition, and pipes used to smoke marijuana in plain view in the large room. Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit R to Scharfstein Decl. at 24-25, 33-35, 66-69, 85.

7.     The switchblade knife, ammunition, and pipes used to smoke marijuana were in the vicinity of plaintiff in the large room. Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit R to Scharfstein Decl. at 24-25, 27, 29-31, 33-35, 99-102, 106.

8.     Plaintiff has approximately $600 in cash on his person at the time of his arrest. Exhibit D to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit I to Scharfstein Decl.; Exhibit P to Scharfstein Decl. at 19; Exhibit Q to Scharfstein Decl. at 103-04; Exhibit R to Scharfstein Decl. at 71-72.

9.      Large quantities of marijuana and a Smith and Wesson firearm in an ammunition box were discovered in the smaller bedroom contained within the larger room in which another individual, George Kato, was asleep.  Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.

10.     The officers arrested all of the individuals in the location.  Exhibit C to Scharfstein Decl.; Exhibit D to Scharfstein Decl.; Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.; Exhibit I to Scharfstein Decl.

11.     Plaintiff did not see contraband when he entered the location.  Exhibit Q to Scharfstein Decl. at 95, 97.

12.     When plaintiff entered the apartment, he went directly to sleep and did not survey the area of the room in which he slept.  Exhibit Q to Scharfstein Decl. at 83, 85-87, 94-95, 100.

13.     Plaintiff was brought before a state court judge within a day or two of his arrest.  Exhibit Q to Scharfstein Decl. at 121-22, 134.

14.     Police officers obtained a search warrant for the premises.  Exhibit F to Scharfstein Decl.; Exhibit G to Scharfstein Decl.

15.     While the officers made an application for the search warrant, police officers continuously guarded the location to assure that no one entered the premises.  Exhibit F to Scharfstein Decl.

16.     The officers subsequently recovered substantial quantities of marijuana and ammunition and loaded firearms from the location.  Exhibit D to Scharfstein Decl.; Exhibit E to Scharfstein Decl.; Exhibit F to Scharfstein Decl.; Exhibit H to Scharfstein Decl.

17.    The prosecutor instructed a grand jury on the applicable law of constructive possession.  Exhibit M to Scharfstein Decl.

18.    Plaintiff was thereafter indicted by a grand jury on or about July 5, 2006. Exhibit J to Scharfstein Decl.

19.    Plaintiff was indicted on charges of criminal possession of a weapon in the second degree (2 counts), criminal possession of a weapon in the third degree (2 counts), criminal possession of marijuana in the second degree (1 count), criminal possession of a weapon in the fourth degree (1 count), and unlawful possession of ammunition (7 counts). Exhibit J to Scharfstein Decl.

20.    On September 5, 2006, plaintiff's defense counsel in the criminal matter moved, inter alia, to dismiss or reduce the indictment on the grounds that the evidence before the grand jury was not legally sufficient to establish the offenses charged or lesser-included offenses; that plaintiff did not actually or constructively possess the weapons, marijuana, or ammunition identified in the indictment; and that no legal presumption applied.  Exhibit K to Scharfstein Decl.

21.    Defense counsel also moved for an inspection of the grand jury minutes. Exhibit K to Scharfstein Decl.

22.    The Manhattan District Attorney's office consented to an in camera review of the grand jury minutes, arguing, among other things, that the evidence before the grand jury supported the offenses charged, that the grand jury was properly instructed on the law. Exhibit L to Scharfstein Decl.

23.    On September 21, 2006, the court issued a decision reflecting that it had reviewed the grand jury minutes in camera; that the prosecutor had instructed the grand jury that

the charges against plaintiff were predicated on theory that plaintiff constructively possessed the items of contraband; that the prosecutor had requested an indictment against plaintiff based on evidence that he and others were located in close proximity to where the items were recovered; and concluded that the there was an absence of legally sufficient evidence establishing that plaintiff constructively possessed the items of contraband recovered from the location. Exhibit M to Scharfstein Decl.

        24.    The court thus granted the motion to dismiss the indictment as against plaintiff. Exhibit M to Scharfstein Decl.

        25.    On September 26, 2006, the charges against plaintiff were dismissed and sealed. Exhibit N to Scharfstein Decl.; Exhibit Q to Scharfstein Decl. at 147.

        26.    On November 30, 2006, a document purporting to be a notice of claim filed by plaintiff was received by the Comptroller's Office of the City of New York. Exhibit O to Scharfstein Decl.

Dated:      New York, New York
             July 21, 2008

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants City of New York and the
                                  New York City Police Department
                                  100 Church Street
                                  New York, NY 10007
                                  (212) 227-4071

                                  By: _____/S/_____
                                     SUSAN P. SCHARFSTEIN (SS 2476)

Index No. 07 CV 4795 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY INNOCENT,

                                          Plaintiff,

                    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, AND Unknown Police Officers "JOHN DOE A-Z"
individually and in their capacities as Police Officers of the NYC
Police Department,

                                          Defendants.

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS
PURSUANT TO LOCAL CIVIL RULE 56.1**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*the New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Susan P. Scharfstein (SS 2476)*
*Tel: (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................., 200 . . .*

*................................................................................ Esq.*

*Attorney for............................................................................*
                                                                          ,