UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JIMMY INNOCENT,

                     Plaintiff,

      -Against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, AND Unknown
Police Officers "JOHN DOE A-Z" individually and
in their capacities as Police Officers
of the NYC Police Department,

                     Defendants.

---------------------------------------------------------------x



JUDGE BUCHWALD
07 CIV 4795

Civil Action No.

COMPLAINT AND JURY
DEMAND

JUN 05 2007
U.S.D.C. S.D.N.Y.
CASHIERS

The plaintiff Jimmy Innocent, by his attorneys Preston Wilkins & Martin, LLC, for his verified complaint states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for money damages for violation of the constitutional rights of Jimmy Innocent, by New York City Police Officers, pursuant to 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, the New York State Constitution and the common law. The said police officers, acting at all relevant times under color of State Law, used unreasonable and excessive force and falsely arrested the plaintiff by taking him into custody and plaintiff was maliciously prosecuted.

2.    Plaintiff files this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1983 and 1985 as amended by the Civil Rights Act of 1991 and the common law.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(1), (3), (4), as claims set forth herein allege violations of 42 U.S.C. §§ 1983 and 1985 as amended by the Civil Rights Act of 1991. Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims under the New York state Constitution and the common law.

4. Venue in this District is proper under 28 U.S.C. S § 1391(b) because the events or omissions giving rise to the claims alleged in this complaint occurred in this District.

5. On or about November 2006, plaintiff duly filed with the City of New York a verified notice of claim setting forth plaintiff's notice of intention to sue for payment of such claims.

6. More than thirty (30) days have elapsed since the filing of said notice of claim and before the commencement of this suit and payment of said claim has not been made.

7. Plaintiff has duly complied with all statutory provisions and laws applicable to defendants, and has duly and timely complied with all the conditions precedent to the making of this claim and the bringing of this action. This claim has been presented, and this action has been commence, within the period of time prescribed and provided by statute and law.

## PARTIES

8. Plaintiff Jimmy Innocent (hereinafter "Innocent") is a Black African American male.

9. Defendant City of New York is a municipal corporation within the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the unknown defendant police officers.

10. At all times hereinafter relevant, the Unknown Police Officers " John Doe A-Z" (hereinafter collectively "CITY POLICE"), were officers employed by defendant City of New York.

11. Upon information and belief, defendants CITY POLICE were and are assigned to the 32nd Precinct, located in the County of Manhattan, City and State of New York. At all relevant times known they acted as the agents, servants, and/or employees of Defendant City of New York. They are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

12. On or about June 25, 2006, the plaintiff Innocent was lawfully visiting the residence of George Kato, located at 138th Street, Manhattan, between 5th Ave., and Malcolm X Blvd, when he was arrested by the City Police, without a warrant.

13. Upon information and belief that at all times hereinafter mentioned, defendants City Police were working for defendant, City of New York, at the aforementioned location and were acting in the course of their employment, under color of law, and within the scope of their authority as employees of Defendant City of New York.

14. On June 25, 2006, Innocent was transported to the 32nd Precinct, where he was strip searched. Innocent was charged along with five others with Criminal Possession of a Weapon in the Second Degree (two counts); Criminal Possession of a Weapon in the Third Degree (two counts); Criminal Possession of Marihuana in the Second Degree; Criminal Possession of a Weapon in the Fourth Degree and Possession of Ammunition (seven counts).

15. Although there was legally insufficient evidence to charge Innocent, he was charged and confined to jail.

16. Mr. Innocent's case was presented to a Grand Jury and he was indicted.

17. Counsel for Mr. Innocent moved for inspection of the grand jury minutes and dismissal of the indictment for lack of legally sufficient evidence.

18. On September 21, 2006, the Hon. Renee A. White, J.S.C., dismissed the indictment against Mr. Innocent and he was released. The Court concluded that "there was an absence of legally sufficient evidence establishing that defendant Innocent constructively possessed any of the items of contraband recovered in the apartment."

19. As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries which some or all of may be permanent.

20. The false criminal charges against plaintiff and plaintiff's wrongful imprisonment was caused by the defendants' lack of knowledge of any legitimate cause or justification and their actions were intentional, malicious, reckless and in bad faith.

21. That the detention, false arrest and malicious prosecution of the plaintiff took place without probable cause and consent; was conducted within the scope of and during the employment of said defendants; and as such were within the knowledge of, approved and ratified by defendant City of New York.

22. At no time did the plaintiff commit Criminal Possession of a Weapon in the Second Degree (two counts); Criminal Possession of a Weapon in the Third Degree (two counts); Criminal Possession of Marihuana in the Second Degree; Criminal Possession of a Weapon in the Fourth Degree and Possession of Ammunition (seven counts).

23. As a direct and proximate result of defendants' actions, plaintiff was deprived of his rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York.

## FIRST CAUSE OF ACTION
(False Arrest)

24. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 23 of this complaint, as if fully set forth herein.

25. The detention and arrest of Innocent by CITY POLICE on or about June 25, 2006 was without cause, without warrant or other legal process and was unlawful, since no crime had been committed and there was no reason or cause for belief that Innocent had committed any crime.

26. CITY POLICE arrested Innocent in their capacity as employees of defendant City of New York, and acting upon the request, command and procurement of defendant City of New York, Defendants acted willfully and maliciously based upon Innocent's race.

27. As a direct and proximate result of the defendants' actions, Innocent suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

28. By reason of the above, Innocent was falsely arrested and detained, was greatly humiliated and subjected to mental and bodily distress, and has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

## SECOND CAUSE OF ACTION
(Malicious Prosecution)

29. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 28 of this complaint, as if fully set forth herein.

30. On or about June 25, 2006 CITY POLICE and other agents of the City, in their capacity as employees of defendant City of New York, maliciously and without probable cause arrested Innocent and charged him charges above.

31. The acts and omissions of defendants, including the initiation and pursuit, without cause, of false criminal charges, all of which charges against plaintiff Innocent were duly dismissed or withdrawn, constitute tortious and malicious prosecution based solely on Innocent's race and/or to improperly induce his cooperation.

32. As a result of the arrest, detention and malicious prosecution of Innocent by defendants, Innocent was subjected to intense emotional distress and immense anguish, and being further treated with great indignity and humiliation, made to suffer outrageous pain and distress of mind and body, prevented from attending to his usual business affairs, and injured in his good name and reputation in the community.

33. As a direct and proximate result of the defendants' actions, Innocent suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

34. By reason of the foregoing, Innocent has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

## THIRD CAUSE OF ACTION
(Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)

35. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 34 of this complaint, as if fully set forth herein.

36. Each of the defendants individually, and in concert with others, acted under pretense and color of law, and in their official capacities.

37. The acts of the defendants and each of them individually, and in concert with each other, were beyond the scope of their jurisdiction and without authorization of the law.

38. The said acts of defendants were in abuse of their powers and each defendant acted willfully, knowingly and with specific intent to deprive Innocent of his rights to freedom from unlawful arrest and detention; all said rights being secured to Innocent under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

39. The acts of the CITY POLICE and other Agents of the City alleged herein were committed either with the knowledge and consent of defendant City of New York, or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of CITY POLICE and its agents while in the performance of their duties and official capacities, although defendant City of New York knew, or should have known, that CITY POLICE were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New York Penal law. The harm suffered by Innocent was a direct result of a policy or custom of the Defendant City of New York, which in implementing a grossly inadequate training program for the CITY POLICE, displayed a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

40. The acts of the agents of the City alleged herein were committed either with the knowledge and consent of defendant City of New York, or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of its agents while in the performance of their duties and official capacities, although defendant City of New York knew, or should have known, that its agents were inexperienced and inadequately trained and unfamiliar with the provisions of the New York Penal law. The harm suffered by Innocent was a direct result of a policy or custom of the defendant City of New York, which

in implementing a grossly inadequate training program for its agents, displayed a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

41. The conduct of the CITY POLICE and other Agents of the City violated clearly established statutory and constitutional rights of which a reasonable person would have knowledge and understanding, and therefore, the CITY POLICE are liable in their individual capacities for plaintiff's injuries sustained herein.

42. Innocent alleges that in doing the acts and things above complained of, the defendants were conspirators engaged in a scheme and conspiracy, designed and intended to deny and deprive him of the his rights in violation of 42 U.S.C. § 1985; said rights being guaranteed to Innocent under the Constitution and laws of the United States.

43. As a direct and proximate result of the defendants' actions, Innocent suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

44. By reason of the foregoing, Innocent has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

45. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 44 of this complaint, as if fully set forth herein.

46. By unlawfully arresting and maliciously prosecuting Innocent, CITY POLICE and the agents of the City did intentionally and willfully inflict emotional distress upon Innocent.

47. The acts and omissions of CITY POLICE and the agents of the City were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendant City of New York.

48. As the direct and proximate result of defendants' actions herein, Innocent was greatly humiliated, injured in his reputation, became sick, sore and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

49. By reason of the foregoing, CITY POLICE and the agents of the City intentionally inflicted emotional distress upon Innocent, thereby causing Innocent to suffer damages in the amount of Five Million Dollars ($5,000,000.00).

### FIFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

50. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 49 of this complaint as if fully set forth herein.

51. As employees and agents of defendant City of New York and responsible for safeguarding the public, CITY POLICE and the agents of the City owed to Innocent a duty of reasonable care.

52. By unlawfully detaining and arresting, and maliciously prosecuting Innocent, CITY POLICE and the agents of the City breached their duty of care to Innocent.

53. The acts and omissions of CITY POLICE and agents of the City were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendant City of New York.

54. As the direct and proximate result of defendants' actions herein, Innocent was greatly

humiliated, injured in his reputation, became sick, sore and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional and psychological injuries, some or all of which, on information and belief, may be permanent.

55. By reason of the foregoing, CITY POLICE negligently inflicted emotional distress upon Innocent, thereby causing Innocent to suffer damages in the amount of Five Million Dollars ($5,000,000.00).

<u>SIXTH CAUSE OF ACTION</u>
(Negligent Hiring, Training and Supervision of CITY POLICE and Agents of the City)

56. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 55 of this complaint, as if fully set forth herein.

57. The wrongful acts and omissions of defendants resulted from the negligent hiring, training and supervision of CITY POLICE and other agents of the City of New York, by defendant City of New York and, on information and belief, resulted from the gross negligence of City of New York in supervising and permitting CITY POLICE and other agents of the City of New York to continue in official capacities without appropriate controls, supervision and/or training, although defendant City of New York knew or should have known, that CITY POLICE and other Agents of the City were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New York Penal Law.

58. By reason of the foregoing, Innocent, has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

WHEREFORE, Plaintiff Innocent, demands the following relief, jointly and severally, against all the defendants:

A. Compensatory damages in the amount of Five Million Dollars ($5,000,000.00), plus interest and costs;

B. Punitive damages in the amount of Five Million Dollars ($5,000,000.00);

C.. Attorneys' fees and costs of this litigation, as provided by 42 U.S.C. § 1988. And

D. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the plaintiff hereby demands trial by jury on all triable issues at law.

Dated: May 31, 2007

By: Gregory R. Preston
Preston Wilkins & Martin
Attorneys for Plaintiff
65 Broadway, Suite 508
New York New York 10006
(212) 809-0000

GP 6/3P