CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

---

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH THE PREMISES LOCATED AT

31 WEST 138TH STREET, NEW YORK, NEW YORK

("THE TARGET PREMISES")

---

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Police Officer Brian Moore, Shield # 10610, of Precinct 32, New York City Police Department, being duly sworn, deposes and says:

1. I am a Police Officer, Shield #10610, assigned to the Precinct 32, and as such I am a public servant of the kind specified in CPL 690.05(1).

2. This affidavit is submitted in support of an application for a warrant to search 31 West 138th Street, New York, New York ("the target premises"), including the first floor, the second floor, the attic, and all and any attached rooms where there is reasonable cause to believe that the following property may be found: weapons including but not limited to guns and knives, and ammunition, and evidence of the commission of the crime[s], Criminal Possession of a Weapon; Criminal Possession of Marijuana including but not limited to:

   a. any and all guns, ammunition, clips, shell casings, gun cleaning kits, and holsters;

   b. marijuana, marijuana packaging, water pipes and other evidence of possession and distribution of marijuana including but not limited to paraphernalia used to process and distribute marijuana including but not limited to scales, records and documents reflecting marijuana transactions in any format including but not limited to stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, and counter-surveillance equipment including but not limited to cameras, audio microphones, monitors, remote buzzers, whistles and alarms, and scanners

   c. currency and other evidence of proceeds from marijuana sales and gun sales including but not limited to stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to

motor vehicles, other financial receipts, and records;

d. electronic communication equipment including but not limited to telephone bases and handsets, cellular telephones, answering machines, paging device and related equipment including but not limited to auxiliary batteries, chargers, and wiring, and stored information, data, and images contained on or in said communication equipment including but not limited to stored names and numbers and recorded messages; and electronic security equipment and devices;

e. evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, tooth and hair brushes, and videotapes and photographs of persons;

3. It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises; to process the target premises for fingerprints; and to analyze, test, and in any way scientifically process the target premises and all the items seized.

4. With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, described above, it is also requested that this Court grant permission to retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

5. As set forth below, there is reasonable cause to believe the above described property is unlawfully possessed, the above described property has been used, or is possessed for purpose of being used to commit or conceal the commission of an offense, and the above described property constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of said offense.

6. Deponent states that deponent observed a subsequently apprehended individual ▮▮▮▮▮▮▮▮ standing in front of 31 West 138th Street, a commercial establishment, a health food store with the door propped open with an empty plastic bottle looking around nervously, back and forth, and to the left and to the right, prompting deponent to believe based upon his training and experience that said location was possibly being burglarized and that the individual was acting as a lookout. The time was 9:00 pm. and the commercial establishment appeared to be closed because there were no lights on outside of the location or emitting from the inside of the location. Deponent believed based on his training and experience that other individuals may be inside of said establishment. Deponent states that deponent asked ▮▮▮▮▮▮ "Do you live around here?" to which ▮▮▮▮▮▮ replied: "Yeah, in here," as the defendant pointed to the door of a health food store. Deponent asked the defendant: "What floor?" to which the defendant replied: "Second." Deponent asked the defendant: "What apartment?" to which the defendant did not reply and started to walk away. Deponent and his partner Police Officer Sergio Merino, shield # 7385, of the 32

2

precinct approached the defendant and defendant stated: "Why are you bothering me? You can not mess with me," as the defendant was trying to walk away from deponent. Deponent observed a key in the door to the health food store and informed his partner of the key when the defendant said: "That's my key." Deponent asked the defendant to stand in one spot and the defendant started to walk away while yelling something that sounded like "John," causing the deponent to believe that he was alerting other individuals of the police's arrival. Deponent stopped the defendant and placed him in the back seat of the police car at which time the defendant stated "I am just visiting from Florida." Deponent states that deponent entered the commercial premises at that location and he observed a subsequently apprehended individual ▮▮▮▮▮ sitting in the middle of the ground level floor. Deponent observed that the ground floor had drink refrigerators, and stoves lining the wall, and a hallway. Deponent asked ▮▮▮▮▮ if he lived at the location to which the deponent did not respond. Deponent asked ▮▮▮▮▮ if anyone was upstairs to which ▮▮▮▮▮ answered: "Yeah. They are playing a game." Deponent proceeded to the second floor of the commercial establishment at that location. Deponent states that on the second floor of 31 West 138th Street he observed a large open room with several smaller rooms inside of the large room. Deponent states that he observed subsequently apprehended individuals Jimmy Innocent, ▮▮▮▮▮, and ▮▮▮▮▮ sleeping in the large open room. Deponent states that he observed in plain view two water pipes (devices commonly used to smoke marijuana) on top of a desk at the back of said room, one switchblade knife on the top of the same desk at the back of said room, approximately ten rounds of .22 caliber ammunition on the top of the same desk at the back of said room, and one water pipe from what appeared to be a box on the left side of said room. Deponent states that directly behind said desk, he observed a metal ladder leading to an open attic. Inside of another room located at the back of the large room, deponent states that he observed subsequently apprehended individual ▮▮▮▮▮ asleep on the bed in said room. Deponent states that said room had a strong odor of marijuana. Deponent states that he observed what appeared to be a metal knife clip in ▮▮▮▮▮'s right front pocket. Deponent recovered a gravity knife from ▮▮▮▮▮'s right front pocket. Further, deponent states that deponent observed in plain view a bag of marijuana weighing approximately five and a half pounds next to the bed that defendant ▮▮▮▮▮ was sleeping on, a dark green metal ammunition box with the tip of one large capacity black magazine loaded with only approximately twelve 9mm rounds in plain view. Further, deponent observed that the ammunition box contained approximately fifty-five .38 special rounds, approximately eight .380 rounds, approximately fifty-seven 9 mm rounds, approximately twenty-two .45 caliber rounds, approximately forty-six .38 Smith and Wesson rounds, approximately eleven .44 caliber rounds in the ammunition box, and a .22 caliber revolver. Deponent further states that ▮▮▮▮▮ attempted to push his way back into the room past deponent looking for his shoes. Further, deponent states that ▮▮▮▮▮ was flailing his arms in a manner to prevent the officer from cuffing him.

    a.    My basis for believing that the property is in the above location is as follows:

    I observed twenty-two caliber rounds of ammunition, a large capacity feed magazine, and a switchblade knife in plain view at the above location. I observed a bag of marijuana and three water pipes and I smelled a strong odor of marijuana throughout the entire floor at above location. The above-described substance is what in fact it is alleged to be based upon information and belief the source of which is as follows: my professional training as a police officer in the identification of drugs, my prior experience as a police officer in drug arrests, my

observation of the packaging which is characteristic of this type of substance, the smell and appearance which is characterisitic of this type of substance, and a field test of the substance which confirmed that the substance is in fact marijuana.

7. I believe that it is necessary to execute the search warrant at nighttime -- i.e., between the hours of 9:00 p.m. and 6:00 a.m. -- because of the following factors: the property sought consists of guns and or ammunition and may endanger the safety of the executing police officers or another person if not seized forthwith. Further, after the initial entry of the premises, the premises was searched for other individuals and secured and officers have been continuously guarding the premises since the initial entry. The warrant is to be executed immediately upon approval. The current time is 6:30 pm and there is little or no danger of persons being inside. Therefore, the People request nighttime entry.

WHEREFORE, deponent respectfully requests that the court issue a warant and order of seizure in the form annexed (i) authorizing a search of 31 West 138th Street, New York, New York ("the target premises"), for the above described property, and (ii) directing that if such evidence is found, it be brought before the Court. Authorization is also requested to conduct the search between 9:00 p.m. and 6:00 a.m.

With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, described above, it is also requested that this Court grant permission to retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

```
                                    _____
                                    Police Officer
                                    Brian Moore

                                    _____
                                    Vimi Bhatia
                                    APPROVED: Assistant District Attorney
```

Sworn to before me this
June 26, 2006

HON ABRAHAM L. CLOTT
_____
Judge

TRACI MORELLI
Official Court Reporter

**NYC 000090**                      _____
                                    Name of Court Reporter

4