# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK |
| -against- |
| 1. ▮▮▮▮▮ |
| 2. ▮▮▮▮▮ |
| 3. Jimmy Innocent (M 30) |
| 4. ▮▮▮▮▮ |
| Defendants. |

Page 1 of 5

FELONY
ADA BHATIA
212-335-3891

658992


PART F

2006NY043822

Police Officer Brian Moore, shield 10610 of the 032 Precinct, states as follows:

On June 25, 2006, at about 21:05 hours at 31 WEST 138 ST in the County and State of New York, the Defendants committed the offenses of:

1. PL265.03(1)(b)  Criminal Possession of a Weapon in the Second Degree
   (defendant #1: 3 counts)
   (defendant #2: 3 counts)
   (defendant #3: 3 counts)
   (defendant #4: 3 counts)
2. PL221.25  Criminal Possession of Marijuana in the Second Degree
   (defendant #1: 1 count)
   (defendant #2: 1 count)
   (defendant #3: 1 count)
   (defendant #4: 1 count)
3. PL221.05  Unlawful Possession of Marijuana
   (defendant #1: 1 count)
   (defendant #2: 1 count)
4. PL205.30  Resisting Arrest
   (defendant #2: 1 count)
5. PL265.01(1)  Criminal Possession of a Weapon in the Fourth Degree
   (defendant #2: 1 count)

the defendants possessed a loaded firearm with intent to use it unlawfully against another; the defendants knowingly and unlawfully possessed a substance containing marijuana and the preparations, compounds, mixtures and substances are of an aggregate weight of more than sixteen ounces; and the defendants ▮▮▮▮▮(#1) and ▮▮▮▮▮(#2) knowingly and unlawfully possessed marijuana; and the defendant ▮▮▮▮▮(#2) intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person; and the defendant ▮▮▮▮▮(#2) possessed a gravity knife.

NYC 000013

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br>1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>3. Jimmy Innocent (M 30)<br>4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>Defendants. | FELONY<br>ADA BHATIA<br>212-335-3891<br>658992 |

Page 2 of 5

The offenses were committed under the following circumstances:

Deponent states that deponent observed separately apprehended defendant ▓▓▓▓ standing outside of a commercial establishment at the above listed location, a health food store, at 9 pm with no lights on inside or outside of the building. Deponent states that deponent observed that the door of the establishment was propped open with a plastic jar and that deponent observed separately apprehended ▓▓▓▓ looking up and down the street nervously. Deponent states that separately apprehended ▓▓▓▓ admitted to the deponent that he lived on the second floor of the location and that the keys in the door to the location belonged to him, but then stated that he lived in Florida. Deponent states that deponent believed that other individuals may have been in the commercial establishment without permission and authority.

Deponent states that he entered the above-listed location and saw separately apprehended ▓▓▓▓ on the ground floor of the location. Deponent states that separately apprehended ▓▓▓▓ informed him that there were other individuals upstairs playing a game. Deponent states that he observed P.O. Dress, shield # 910, of the 32 precinct recover a photo identification belonging to separately apprehended ▓▓▓▓ from the second floor of the commercial establishment.

Deponent states that deponent proceeded to the second floor of the commercial establishment and observed defendants Innocent, ▓▓▓▓ and ▓▓▓▓ sleeping in an open room on the second floor. Deponent observed a strong odor of marijuana in said establishment. Deponent states that deponent observed in plain view on the second floor of the establishment and subsequently recovered a switchblade knife, approximately ten rounds of .22 caliber ammunition, and three water pipes (devices used to smoke marijuana).

Deponent states that deponent entered a bedroom off of the main room on the second floor and observed defendant ▓▓▓▓ sleeping. Deponent states that deponent observed a bag of approximately 5 1/2 pounds of marijuana to defendant ▓▓▓▓ left and an ammunition box with a large capacity black magazine in it to defendant ▓▓▓▓ right in plain view.

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

| THE PEOPLE OF THE STATE OF NEW YORK | FELONY |
|---|---|
| -against- | ADA BHATIA |
| 1. ▮▮▮ | 212-335-3891 |
| 2. ▮▮▮ | |
| 3. Jimmy Innocent (M 30) | 658992 |
| 4. ▮▮▮ | |
| Defendants. | |

Page 3 of 5

Deponent states that he/she further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

Deponent states that deponent recovered a gravity knife (that deponent could open with a flick of his wrist) from defendant ▮▮▮ right front pocket and a small amount of marijuana from defendant ▮▮▮ hair. Deponent states that deponent observed defendant ▮▮▮ attempting to re-enter the bedroom by pushing past police officers and flailing his arms.

Deponent states that he/she further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug.

Deponent states that deponent also recovered approximately fifty-five .38 special rounds, approx eight .380 rounds, approx fifty-seven 9 mm rounds, approx twenty-two .45 caliber rounds, approx forty-six .38 Smith and Wesson rounds, approx eleven .44 caliber rounds in the ammunition box, and a .22 caliber revolver from the second floor of the establishment.

Deponent is informed by P.O. Lugo that on 6/26/06, at approximately 5:10 p.m., informant observed separately apprehended ▮▮▮ put a key into the door of the above listed commercial establishment and enter said establishment. Deponent is informed by P.O. Lugo that separately apprehended ▮▮▮ admitted to the informant that he lived in said establishment.

Deponent states that deponent is informed by P.O. Brown and P.O. Gilbride that informants recovered a .38 special Smith and Wesson firearm with 6 rounds fully loaded in a Rubbermaid

NYC 000015

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK | FELONY |
|---|---|
| -against- | ADA BHATIA |
| 1. ▇▇▇▇▇▇▇▇▇▇▇ | 212-335-3891 |
| 2. ▇▇▇▇▇▇▇▇▇ | |
| 3. Jimmy Innocent (M 30) | 658992 |
| 4. ▇▇▇▇▇▇ | |
| Defendants. | |

Page 4 of 5

container in the bedroom on top of desk, and a 357 Interarms firearm with four 357 rounds loaded in bottom left desk drawer in main room.

Deponent states that deponent is informed by P.O Ehrenreich that the informant recovered a magazine with 6 rounds of .45 caliber inside of a Ford's owner's manual in the bedroom on a desk; 100 rounds of .22 caliber hollow point bullet in top left drawer in the main room of the second floor; a small black scale in a black case in top left drawer in main room of the second floor; a holster in the main room of the second floor; and various pieces of mail.

Deponent states that deponent is informed by P.O. Dress that informant recovered 1 and 1/2 bricks of marijuana weighing approximately 2 pounds in a Tupperware by the bed in bedroom; a small brown box of ziplock bags behind the bedroom door; a metal detector in bedroom; two bags of approx 3 ounces of marijuana and mail addressed to separately apprehended ▇▇▇ ▇▇▇ in red backpack on ground level on table.

Deponent states that he/she further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug.

Deponent states that deponent is informed by P.O. Lugo that informant recovered a large box of ziplock bags on right side of desk in main room; and a UPS bag containing approx 9 ounces of marijuana seeds in the bedroom.

Deponent states that he/she further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br>1. ▓▓▓▓▓▓<br>2. ▓▓▓▓▓▓<br>3. Jimmy Innocent (M 30)<br>4. ▓▓▓▓▓▓<br>Defendants. | FELONY<br>ADA BHATIA<br>212-335-3891 | Page 5 of 5 |

Deponent is informed by Lt. Odea that the informant recovered a tan scale on a table next to the desk

Deponent states that deponent recovered $4475.57 from separately apprehended ▓▓▓. Deponent states that deponent recovered $500 from separately apprehended ▓▓▓. Deponent states that deponent recovered $35 from defendant ▓▓▓. Deponent states that deponent recovered $601.60 from defendant Innocent. Deponent states that deponent recovered $1371.30 from defendant ▓▓▓. Deponent states the deponent recovered $160 from defendant ▓▓▓

Deponent is informed by P.O. Gray that informant recovered two small bags of marijuana in the police vehicle that transported defendant ▓▓▓

Deponent states that he/she further states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his/her professional training as a police officer in the identification of drugs, his/her prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug.

Deponent states that deponent observed a box of compact discs with defendant ▓▓▓ photograph on them in the main room of the second floor of the establishment.

OCT 16 2007

_[signature]_

County Clerk, and Clerk of the
Supreme Court New York County
OFFICIAL USE

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_[signature]_ Deponent    6/27/06  3:20 PM
                          Date and Time

ACT 5 Version 4.2.0 Created on 06/27/06 3:20 PM

NYC 000017