PT. 60 AUG - 9 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

[redacted]
[redacted]
[redacted]
JIMMY INNOCENT,
[redacted]

Defendants.

PEOPLE'S VOLUNTARY DISCLOSURE FORM

Indictment No. 02840/2006

The People of the State of New York hereby voluntarily disclose to the defendants the following factual information pertaining to the above-captioned case:

A. **BILL OF PARTICULARS**

1. OCCURRENCE

Date: June 25, 2006 - June 26, 2006
App. Time: 9:05 PM on June 25, 2006 to 6:45 PM on June 26, 2006
Place: 31 West 138 Street

2. ARREST

[redacted]
Date: June 25, 2006
App. Time: 10:02 PM
Place: 31 West 138 Street

[redacted]
Date: June 25, 2006
App. Time: 10:02 PM
Place: 31 West 138 Street

[redacted]:
Date: June 25, 2006
App. Time: 10:02 PM
Place: 31 West 138 Street

JIMMY INNOCENT:
Date: June 25, 2006
App. Time: 10:02 PM
Place: 31 West 138 Street

[redacted]:
Date: June 26, 2006
App. Time: 5:15 PM
Place: 31 West 138 Street

[redacted]
Date: June 25, 2006
App. Time: 10:02 PM
Place: 31 West 138 Street

**B. NOTICES**

1. STATEMENTS

☒ If checked, notice is hereby served, pursuant to CPL §710.30(1)(a), that the People intend to offer at trial evidence of a statement made by defendants to a public servant. *(Where a statement has been video taped, counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time for viewing the tape or should provide a blank tape for copying.)*

Statement #: 1
Defendant (if more than one): [redacted]
Date: June 25, 2006
Approximate Time: 9:08 PM
Location: Inside of 31 West 138 Street
Individual Made To: P.O. Moore
Substance of Statement: Yeah. There are people upstairs playing a game.

Statement #: 2
Defendant (if more than one): [redacted]
Date: June 25, 2006
Approximate Time: 9:15 PM
Location: Inside of 31 West 138 Street
Individual Made To: P.O. Moore

NYC 000019

Substance of Statement: I want to get my shoes. I'm not going anywhere until I get a voucher for my money. You can't come into my house while I am sleeping.

Statement #: 3
Defendant (if more than one): [redacted]
Date: 6/26/06
Approximate Time: 1:15 AM
Location: MCB
Individual Made To: P.O. Moore
Substance of Statement: I want to go with my Rastafarian brothers

Statement #: 4
Defendant (if more than one): JIMMY INNOCENT
Date: 6/25/06
Approximate Time: 9:10 PM
Location: Inside of 31 West 138 Street
Individual Made To: P.O. Moore
Substance of Statement: You can't come into people's houses like that. You better be careful. You don't know who I am or who I know. You'll see. I'm innocent since the day I was born. You better listen to me. I have taken him ([redacted]) to the hospital before. I'm not going anywhere until I get the voucher for all of my money.

Statement #: 5
Defendant (if more than one): [redacted]
Date: 6/26/06
Approximate Time: 5:10 PM
Location: In front of 31 West 138 Street
Individual Made To: P.O. Lugo
Substance of Statement: I live here. I came to see my brother. I haven't seen him in two days. I just came from Florida. I came to pick up some real estate papers on the second floor.

Statement #: 6
Defendant (if more than one): [redacted]
Date: 6/25/06
Approximate Time: 9:05 PM
Location: In front of 31 West 138 Street
Individual Made To: P.O. Moore
Substance of Statement: I live on the second floor. Why are you bothering me? You can not mess with me. That is my key. John! I am visiting from Florida.

NYC 000020

2. IDENTIFICATION

☐ If checked, notice is hereby served, pursuant to CPL §710.30(1)(b), that the People intend to offer at trial testimony regarding an observation of defendants either at the time or place of the commission of the offense or upon some other occasion relevant to the indictment, to be given by a witness who has previously identified defendant.

**C. DISCOVERY**

1. ADDITIONAL STATEMENTS

☐ If checked, the People hereby disclose written, oral or recorded statements of a defendant or of a co-defendant to be jointly tried, made, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him, and which statements are not given in section B(1) above. C.P.L. §240.20(1)(a).

2. GRAND JURY TESTIMONY

☒ If checked, defendants or a co-defendant to be tried jointly testified before the Grand Jury relating to this criminal action. C.P.L. §240.20(1)(b). *Such testimony is available upon payment of a stenographic fee.*

3. SCIENTIFIC AND MEDICAL REPORTS

☒ If checked, the People hereby disclose written reports or documents or portions thereof, concerning a physical or mental examination or scientific test or experiment, relating to this criminal action, which were made by, or at the request or direction of a public servant engaged in law enforcement, or by a person whom the People intend to call as a witness of a trial, or which the People intend to introduce at trial. C.P.L. §240.20(1)(c).

| | Already Served | Attached | Will Be Provided |
|---|---|---|---|
| Ballistics Report | ☐ | ☒ | ☐ |
| Ballistics Report | ☐ | ☒ | ☐ |
| Ballistics Report | ☐ | ☒ | ☐ |
| Narcotic Lab Report | ☐ | ☒ | ☐ |
| Narcotic Lab Reports | ☐ | ☐ | ☒ |

NYC 000021

4. PHOTOGRAPHS AND DRAWINGS

☒ If checked, there exists photographs or drawings relating to this criminal action which were made or completed by a public servant engaged in law enforcement, or which were made by a person whom the People intend to call as a witness at trial, or which the People intend to introduce at trial. C.P.L. §240.20(1)(d). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this material.)*

5. INSPECTION OF PROPERTY

☐ If checked, there exist photographs, photocopies or other reproductions made by or at the direction of a police officer, peace officer or prosecutor of property prior to its release pursuant to the provisions of Penal Law Section 450.10, irrespective of whether the People intend to introduce at trial the property or the photograph, photocopy or other reproduction. C.P.L. §240.20(1)(e). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this property.)*

6. OTHER PROPERTY

☒ If checked, there exists other property obtained from the defendants, or a co-defendant to be tried jointly, C.P.L. §240.20(1)(f), or from another source. *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to examine this property.)*

a. 1 bag containing approximately 5 ½ pounds of marijuana
b. 1 North American Arms Corp .22 caliber pistol
c. 10 .22 caliber bullets
d. 55 .38 caliber bullets
e. 8 .380 caliber bullets
f. 57 9 mm rounds
g. 1 black magazine with 12 9 mm rounds
h. 22 .45 caliber bullets in white box
i. 46 .38 Smith and Wesson bullets in a box
j. 11 .44 caliber bullets in a plastic box
k. 1 ammunition box
l. $4475.57 from [redacted]
m. $35 from [redacted]
n. $500 from [redacted]
o. 16 Bank of Jamaica currency notes from [redacted]
p. 1 National Bank of Ethiopia currency note from [redacted]
q. 1 bank of England currency note from [redacted]
r. 1 small bag of marijuana from [redacted]
s. $1371.30 from [redacted]
t. $601.60 from Jimmy Innocent

NYC 000022

    u. 1 bag containing mail addressed to [redacted] and two bags of approximately 3 ounces of marijuana
v. 1 loaded .38 caliber Smith and Wesson
w. a magazine with six rounds of .45 caliber bullets in a Ford's owner's manual
x. ½ bricks of marijuana weighing approximately two pounds
y. 1 small brown box of ziplock bags
z. 1 metal detector
aa. 1 UPS bag containing approximately 9 ounces of marijuana seeds
bb. 1 loaded .357 caliber Interarms revolver
cc. 100 rounds of .22 caliber hollow point bullets
dd. 1 small black scale
ee. 1 tan scale
ff. 1 large box of ziplock bags.

7. TAPES AND ELECTRONIC RECORDINGS

☐ If checked, there exist tapes or other electronic recordings which the People intend to introduce at trial, irrespective of whether such recording was made during the course of the criminal transaction. C.P.L. §240.20(1)(g). *(Counsel should contact the assigned Assistant District Attorney to arrange a mutually convenient time to listen to the tapes or provide a blank tape for copying.)*

8. BRADY MATERIAL

☐ If checked, there is material appended which the People are required to turn over pursuant to the United States or the New York State Constitution. The People are aware of their continuing obligation to disclose material exculpatory information to defendants and intend to satisfy that obligation as required by law. C.P.L. §240.20(1)(h).

9. COMPUTER OFFENSES

☐ If checked, discovery is hereby served pursuant to C.P.L. §240.20(1)(j) of the time, place and manner of notice given pursuant to Penal Law §156.00(6), which governs offenses for Unauthorized Use of a Computer (Penal Law §156.05) and Computer Trespass (Penal Law §156.10).

10. POLICE OFFICERS INVOLVED

The following are some of the officers who were involved in the arrest or police investigation.

| Name | Shield | Command |
|---|---|---|
| Police Officer Brian Moore | 10610 | 32 Precinct |
| Police Officer Sergio Merino | 7385 | 32 Precinct |
| Police Officer Jessie Brown | 11307 | 24 Precinct |

NYC 000023

| | | |
|---|---|---|
| Police Officer Thomas Gilbride | 31051 | PBMN |
| Police Officer Daniel Ehrenreich | 26393 | 32 Precinct |
| Police Officer Robert Dress | 910 | 32 Precinct |
| Lieutenant Joseph Odea | | 32 Precinct |
| Police Officer Eric Lugo | 2061 | 32 Precinct |
| Police Officer Wayne Hodge | 8106 | 32 Precinct |
| Sergeant Christopher Siani | 4029 | 32 Precinct |
| Police Officer Aaron Thom | 17386 | 32 Precinct |
| Police Officer Steven Carra | 4271 | 32 Precinct |
| Police Officer Carlos Pava | 28246 | 32 Precinct |
| Police Officer Scott Cote | 16150 | 32 Precinct |
| Police Officer Daniel Gray | | 32 Precinct |

11. SEARCH WARRANTS

☒ If checked, a search warrant was executed during the investigation of this case.

## D. DEMAND FOR NOTICE OF ALIBI

Pursuant to CPL §250.20, the People hereby demand that defendant supply the District Attorney with (a) the place or places where the defendant claims to have been at the time of the commission of the crime(s) and (b) the names, residential addresses, places of employment and addresses thereof of every alibi witness upon whom defendant intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Within a reasonable time after the receipt of the information specified above, the District Attorney will submit a list of any rebuttal witnesses, their addresses, and employers.

## E. RECIPROCAL DISCOVERY

Pursuant to CPL §240.30(1), the People hereby demand that defendant supply the District Attorney with (a) any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant, if the defendant intends to introduce such report or document at trial, or if defendant has filed a notice of intent to proffer psychiatric evidence and such report or document which relates thereto or if such report or document was made by a person other than defendant, whom defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

NYC 000024

**NOTE**: Any defense motion or request addressed to the above-captioned case should be directed to the attention of the Assistant District Attorney named below, who is assigned to this case.

Dated: New York, New York
July 24, 2006

Robert M. Morgenthau
District Attorney
One Hogan Place
New York, NY 10013

By: Vimi Bhatia
Assistant District Attorney
335-3891

I, [illegible] County Clerk and Clerk of the Supreme Court, New York County, do hereby certify that I have compared this copy with the original thereof filed in my office and that same is a correct transcript of 8 pages. IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal

NOT VALID WITHOUT SEAL UPON EACH PAGE

[signature]

COUNTY CLERK AND CLERK OF THE SUPREME COURT, NEW YORK COUNTY

NYC 000025