**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK – PART: 62**
-------------------------------------------------------------------X

*THE PEOPLE OF THE STATE OF NEW YORK*

**- against -**

*Jimmy Innocent,*

                          Defendant.
-------------------------------------------------------------------X

<u>**NOTICE OF**
**OMNIBUS MOTION**</u>

**Ind. No: 02840-2006**

PART-62    SEP    2006

COUNSELORS:

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Paul P. Martin, Esq., the attorney of record for defendant *Jimmy Innocent*, the annexed exhibits, and upon all the proceedings had heretofore, a motion will be made in the *Supreme* Court of the State of New York, County of *New York*, Part *62*, at the Courthouse located at *100 Centre Street, New York, New York 10013*, on the *12th* day of September, *2006* at *9:30 AM* in the forenoon or as soon thereafter as counsel may be heard for the following Orders granting:

I)    Inspection and reduction or dismissal of the Indictment pursuant to CPL §§ 210.20 and 210.30, due to the legal insufficiency of the proof submitted to the Grand Jury.

II)    Motion to inspect and transcribe the Grand Jury minutes.

III)    Motion for release of the Grand Jury minutes and charge to defense.

IV)    Motion to suppress certain statements allegedly made by the defendant.

V)    Motion to suppress property seized from the defendant.

VI)    Motion for reduction of Bail pursuant to CPL § 510.30

VII)    Motion to Controvert a Search Warramt



NYC 000028

VIII)  Discovery of a Bill of Particulars as was requested in defendant's Request for a Bill of Particulars (Exhibit A), pursuant to CPL §§ 100.45, 200.95 and 240.70.

IX)  Discovery of each of those items specified in the Demand to Produce (Exhibit B) that have not been provided, pursuant to CPL §§ 240.40(1), 240.70 and 340.30.

X)  Granting counsel for defendant, pursuant to CPL § 255.20, the right to make additional pretrial motions, including but not limited to a *Sandoval* motion, and the right to amend or supplement this motion if made necessary or appropriate by the People's future disclosure.

XI)  Granting such other and further relief as this Court may deem just and proper.

DATED:      September 5, 2006
            New York, New York

                                        Respectfully submitted,

                              s/

                                        Paul P. Martin, Esq.
                                        Preston, Wilkins & Martin, PLLC
                                        Attorney(s) of Record for Defendant
                                        65 Broadway - Suite 508
                                        New York, New York  10006-2896
                                        Telephone:  (212) 809-0000

TO:    ROBERT MORGENTHAU
       District Attorney - New York County
       Attn:  ADA Bhatia
       One Hogan Place
       New York, New York  10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – PART: 62

-------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

Ind. No.: 02840/2006

-against-

**AFFIRMATION
IN SUPPORT OF
OMNIBUS MOTION**

JIMMY INNOCENT

Defendant.

-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

PAUL P. MARTIN, an attorney duly admitted to practice in the Courts of the State of New York, who is the attorney of record for defendant, *Jimmy Innocent*, hereby affirms under the penalty of perjury, pursuant to CPLR 2106, that the facts set forth herein are true, except as to those facts set forth upon information and belief, of which the latter I believe to be true.

1.     I am a member of the Preston, Wilkins & Martin, PLLC, the attorneys of record for the defendant herein. I make this affirmation in support of the within motion.

2.     The sources of my information and belief are conversations with the defendant, a review of the court file and my own investigation.

3.     This defendant is charged with Criminal Possession of a Weapon in the Second Degree (two counts), Criminal Possession of a Weapon in the Third Degree (two counts), Criminal Possession of Marihuana in the Second Degree (one count), and Criminal Possession of a Weapon in the Fourth Degree (one count) Unlawful Possession of Ammunition (five counts).

4.     I have spoken to my client to obtain the information necessary to prepare for his defense. Unfortunately, the *indictment*, the *People's Voluntary Disclosure Form*, the items

supplied in the *Bill of Particular's*, the information disclosed in the People's response to the *Demand for Discovery*, do not adequately inform the defendant of the exact nature of the charges pending against him.

5.    There is no other method by which I can obtain the information necessary to prepare for trial.

6.    All of the information requested is necessary for the proper preparation of the trial in this matter. Without such information, defendant cannot adequately conduct a defense.

## I. MOTION TO INSPECT, REDUCE OR DISMISS THE INDICTMENT

7.    The defendant is charged with having committed the crimes of Criminal Possession of a Weapon in the Second Degree (two counts), Criminal Possession of a Weapon in the Third Degree (two counts), Criminal Possession of Marihuana in the Second Degree (one count), Criminal Possession of a Weapon in the Fourth Degree (one count) and Unlawful Possession of Ammunition (five counts). It is respectfully submitted that the evidence before the grand jury was not legally sufficient to establish any of the offenses charged or any lesser-included offense. Therefore each and every count of the indictment charging the defendant with a crime must be dismissed or reduced. This requested is based upon information and belief that the defendant did not actually possess or constructively possess the weapons, marijuana or the ammunition listed in the indictment and no legal presumption is applicable to this case. Furthermore, there was legally insufficient evidence presented to the Grand jury on the issue of intent to use unlawfully against another as it applies to count one and two of the Indictment.

8.    It is alleged by the prosecution the following facts:

On June 25, 2006 at about 11:06 p.m. in the County of New York, Police Officer Moore of the 32nd Precinct observed the defendant ▮▮▮▮▮▮▮ outside a commercial

establishment located at 31 West 138th Street, New York, New York. Office Moore inquired as to what ████████ was doing there, ████████ allegedly gave conflicting information which caused P.O. Moore (without a warrant) to enter the location. P.O. Moore claims he saw another defendant, ████████ on the first floor of the establishment cooking in a kitchen. ████████ allegedly told P.O. Moore that there were other individuals upstairs playing a game. P.O. Moore went upstairs to the second floor and observed the Defendant(s) Jimmy Innocent, ████████ and a separately charged individual ████████ (████████ case was dismissed by the Grand Jury) sleep on bean bags chairs on the Second Floor. Jimmy Innocent, ████████ and ████████ were arrested at this time. P.O. Moore entered a lock bedroom on the second floor and observed the defendant ████████ sleeping in the bedroom. P.O. Moore allegedly observed in plain view in this locked bedroom 5 ½ Pounds of marijuana and an ammunition box with a large capacity black magazine.

P.O. Moore arrested all the individuals inside the location and obtained a search warrant for the premises. Subsequently recovered from the locked bedroom were defendant ████████ was sleeping was 1 and ½ bricks of marijuana weighing 2 pounds by the bed, two additional bags of marijuana and a loaded .38 special Smith and Wesson firearm in a Rubbermaid container.

In a separately locked office on the second floor the police allegedly found numerous rounds of ammunition.

In the main open room where defendant Jimmy Innocent was observed sleeping the police allegedly found a switchblade knife, ten rounds of .22 caliber ammunition and

pipes used to smoke marijuana. None of these items were found on the person Jimmy Innocent or in the immediate area where Mr. Innocent was sleep.

Also in the main room in a closed desk drawer the police allegedly found a loaded 357 firearm. Numerous pieces of mail where located inside the premises but none of mail belonged or stated the name Jimmy Innocent. The premises were allegedly owned or leased by the defendant ██████████

9. There is no allegation that the defendant, Jimmy Innocent, actually possessed any of the items of contraband listed in the indictment.

10. Constructive Possession requires that the Prosecution establish that the defendant exercised dominion and control over the contraband. On information and belief the Grand Jury presentation is void of any facts that establish that Jimmy Innocent had any dominion and control over the establishment where he was arrested or over the contraband. No keys from location were on Jimmy Innocent's person. Mr. Innocent did not have any mail at that location indicating a nexus to the location; there were no fingerprints or other scientific evidence connecting Mr. Innocent to the contraband. When questioned by the police as to his residence Mr. Innocent did not give 31 West 138th Street, New York, New York as his address. When the police entered the location Mr. Innocent was sleep and not doing anything that established dominion and control over any items other than the bean bag chair in which he was sleeping.

11. Penal Law §265.15, Presumptions of Possession does not apply in this case. Penal Law §265.15 (1) specifically states *"The presence in any room, dwelling structure or vehicle of any machine gun is presumptive evidence of its unlawful possession by all persons occupying the place where the machine gun is found."* The guns found at the

location were not machine guns. There is no other presumption as to the weapons that apply.

12. Penal Law §220.25 Criminal Possession of a controlled substance does not apply. Penal Law § 220.25 (2) states *"the presence of a narcotic drug in open view in a room under circumstances evincing an intent to unlawfully mix compound package or otherwise prepare for sale is presumptive evidence of knowing the possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found."* The narcotics were not in open view but were concealed in a locked room separate from where the defendant, Jimmy Innocent, was arrested or the narcotics were in concealed containers, therefore the presumption does not apply.

13. Pursuant to CPL§210.25, the defendant requests a dismissal of the indictment or any count thereof on the grounds that it fails to conform to the requirements of Article 200 of the CPL, fails to contain allegations demonstrating that this court has jurisdiction of the offense(s) charged, or the statute defining the offense(s) charged is unconstitutional or otherwise invalid. It is respectfully submitted that the evidence submitted to the Grand Jury was insufficient and inadequate, as a matter of law, and that therefore, the indictment must be dismissed, or in the alternative, reduced to the lessor included charges.

## II. MOTION TO TRANSCRIBE AND INSPECT THE GRAND JURY MINUTES

14. The defendant requests transcription and inspection of the Grand Jury minutes to determine if the People improperly summarized the testimony in a misleading or improper manner, if the legal instructions were recorded and consistent with all applicable theories of law,

if there was impermissible cross-examination of the defendant during his testimony, if there are any particular elements of an offense that may not have been proven by legally competent evidence in the Grand Jury, if there was a failure to charge an applicable point of law, if any improper persons were present while evidence was being presented, if the indictment was modified before or after the indictment was voted, if the evidence was legally sufficient to sustain the charges in the indictment or any lessor included charge, or, in the alternative, to reduce the charges to conform to the proof that was actually submitted (CPL § 190.65).

15.    Specifically, the defendant requests transcription and an inspection of the Grand Jury minutes for the following reasons wherever applicable:

(a)    To determine whether the evidence before the Grand Jury was legally sufficient to establish the offense(s) charged or any lesser-included offense(s). <u>People v. Batashure</u>, 75 N.Y. 2d 306 (1990).

(b)    To determine whether the Grand Jury was correctly informed of the corroboration rule pursuant to CPL 60.22 if accomplice testimony was given. <u>People v. Ehrlich</u>,136 Misc. 2d 514 (New York County 1987).

(c)    To determine whether the Grand Jury was legally constituted: whether the Grand Jury had at least 16 members present during the entire proceeding; whether at least 12 of the Grand Jurors concurred in the finding of the indictment, and; whether all the members of the Grand Jury voting the indictment heard all of the evidence presented. <u>People v. Collier</u>, 72 N.Y.2d 298 (1988).

(d)    To determine whether the Grand Jury received any hearsay testimony before voting the indictment, and if so, to determine the name and address of the person to whom such testimony is attributed.

NYC 000035

(e)    To determine whether the secrecy and confidentiality of the Grand Jury process was potentially compromised or whether unauthorized persons were present in the Grand Jury. People v. DiFalco, 44 N.Y.2d 482 (1978). CPL 190.25, 190.32(4).

(f)    To determine whether the indictment was voted by an extended term of the Grand Jury. People v. Williams, 73 N.Y.2d 84 (1989).

(g)    To determine whether the presentation of evidence was withdrawn prior to a vote being taken and then resubmitted to the Grand Jury without court permission. People v. Wilkins, 68 N.Y. 2d 269(1987).

(h)    To determine whether the Assistant District Attorney presenting the case to the Grand Jury properly answered any questions put forth by any member of the Grand Jury. People v. Morrell, 134 Misc. 2d 1011 (New York County 1987).

(i)    To determine whether the Assistant District Attorney informed the Grand Jurors that a prosecuting witness testified under a grant of immunity or that an immunity agreement had been made. People v. Warmus, 148 Misc. 2d 374 (Westchester County 1990).

(j)    To determine whether the Grand Jurors were properly instructed as to any complete defense available to the defendant such as alibi or justification. People v. Karp, 158 A.D. 2d 393.(1st Dept. 1990).

(k)    To determine whether the Grand Jury was properly instructed that any statutory presumptions are not conclusive. People v. Bacote, 143 Misc.2d 535 (Kings County 1989).

(l)    To determine whether a material statement was withheld to the extent that the Grand Jury was misled. People v. Abbatiello, 129 Misc. 2d 831 (Bronx County 1985).

(m)    To determine if an infant under 12 years old gave sworn testimony in the Grand Jury, and if so, whether an inquiry was made as to whether such infant understood the nature and obligation of the oath. CPL 60.20, People v. Rivera, 151 A.D.2d 618 (2nd Dept. 1989).

(n)    To determine whether the People's representatives engaged in prosecutorial misconduct before the Grand Jury. U.S. v. Russell, 411 U.S. 423 (1973).

(o)    To determine whether the People's representative was in possession of any exculpatory evidence at the time of the Grand Jury proceeding, and if so, whether such evidence was presented to the Grand Jury or whether such    evidence was immediately turned over to the defendant to afford him a reasonable opportunity to request the Grand Jury to consider it.

(p)    To determine whether the People's representative presenting the case to the Grand Jury summarized the testimony in a misleading or improper manner. CPL Section 190.25 (6), 210.35 (5); U.S. v. Estepa, 471 F2d (2d Cir. 1972).

(q)    To determine whether the legal instructions to the Grand Jury were recorded, and if so, whether they were consistent with the law.

(r)    To determine whether the indictment was modified in its final form by the People's representative after the indictment was voted.

(s)    To determine whether the defendant was interrupted by the prosecutor and persistently questioned without having a meaningful opportunity to continue his narrative testimony. People v. Lerman, 116 A.D.2d 665 (2nd Dept. 1986).

(t)    To determine whether the prosecutor gave a limiting instruction to the Grand Jurors regarding their evaluation of the defendant's prior convictions. CPL 190.30(4), People v. Rosa, 145 Misc.2d 423 (New York County 1989).

(u)    To determine whether the prosecutor's legal instructions were too confusing to be understood by the Grand Jury in considering the charges. People v. Caracciola,164 A.D.2d 755 (1st Dept. 1990),affd. 78 N.Y.2d 1021( Dept. 19 ).

(v)    To determine whether the prosecutor informed the Grand Jurors that a prosecution witness testified under a grant of immunity or cooperation agreement or that a private understanding had been reached to the extent that such failure to inform materially influenced the Grand Jury. People v. Corso, 129 Misc. 2d 590, revd on other grounds, 135 A.D.2d 551, People v. Bartolomeo, 126 A.D.2d 375.

(w)    To determine whether the prosecutor injected his personal opinions or beliefs or vouch for the credibility of its witnesses. People v. Paperno, 54 N.Y. 2d 294 ( Dept. 19 ).

(x)    To determine whether the prosecutor informed the Grand Jury that the complainant had recanted his testimony inculpating the defendant prior to the presentation or that the witness told the prosecutor that he could not identify defendant as a participant in the crime. People v. Pelchant, 62 N.Y. 2d 97; People v. Townsend, 127 A.D.2d 505 ( Dept 19 ).

If the court refuses to dismiss the indictment for any of the above reasons the defendant seeks, or in the seeks, in the alternative, a reduction of the charge(s) contained in the indictment pursuant to CPL§ 210.20.

## III. RELEASE OF GRAND JURY MINUTES

16.    The defendant respectfully requests that this Court release the Grand Jury minutes and charge to defense counsel, pursuant to CPL § 210.30(3), so that further argument can be made with respect to that branch of defendant's motion requesting dismissal and/or reduction.

## IV MOTION TO SUPPRESS STATEMENTS (Huntley Hearing)

17.    The People have served notice pursuant to CPL § 710.30(1) (a), of their intention to introduce a statement made by the defendant to law enforcement personnel.

18.    The defendant now moves to suppress the statements he allegedly made to law enforcement officers on the ground that any such statement was involuntarily made within the meaning of CPL § 60.45(2)(b), and in violation of defendant's rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

19.    The defendant contends that he was questioned by law enforcement authorities without being properly advised of his Miranda rights.  Upon information and belief, defendant was in custody when such questioning occurred.  The defendant maintains that any statement made while he was in custody was without the benefit of proper Miranda warnings and thus must be suppressed.   Upon information and belief, and conversations with the defendant, the statements allegedly made were obtained in violation of the defendant's constitutional right to remain silent and in violation of Miranda.  The defendant was not properly informed of his rights to remain silent or to be assisted by counsel during his interrogation, nor was he informed that anything he said could and would be used against him.  His statement was "involuntary" within the meaning of CPL§ 60.45 because the defendant's will to resist was overcome by improper and coercive police conduct.

20.    The defendant did not knowingly and voluntarily waive his Constitutional Rights; therefore, the defendant moves to suppress this statement, or, in the alternative, for a Huntley hearing.

21.    The defendant is not required to make specific factual allegations concerning the circumstances under which the statements were made.   See Criminal Procedure Law §§ 710.60(3) and 710.20(3).

22.    The defendant further asserts that his initial arrest was without the requisite probable cause, and that any statement thereafter must be suppressed as the fruit of the initial illegality. Dunaway v. New York, 442 U.S. 200 (1979).

23.    Defendant therefore requests that the Court suppress any statements he allegedly made to law enforcement officers, or, in the alternative, that a hearing be ordered to determine the admissibility of any statement at trail. People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965).

## V. **MOTION TO SUPPRESS PHYSICAL EVIDENCE (Mapp Hearing)**

24.    The prosecution has indicated it intends to offer into evidence at trial certain property allegedly recovered from the location from where the defendant was sleep, to wit:  two firearms, ammunition and marijuana.

25.    The defendant now moves to suppress the physical evidence seized in this case. Said evidence was seized unlawfully in violation of defendant's constitutional rights derived from the United States Constitution, Fourth and Fourteenth Amendments, and Art. 1, § 12 of the New York Constitution, and Dunaway v. New York, 442 U.S. 200 (1979) and Mapp v. Ohio, 367 U.S. 643 (1961).  In the alternative, defendant requests that the Court order a hearing on the issues raised herein.

26.    Because the property is alleged to have been recovered and attributed to the defendant based upon a legal presumption, the defendant has standing to challenge its seizure. People v. Millan, 49 NY NY2d 514 (1987)

27.    The Defendant was not engaged in any criminal conduct. At the time of his arrest the defendant was sleeping.  No contraband was in plain view nor was it in a vicinity where the defendant had access to it or evidenced custody nor control.  The defendant was arrested without

NYC 000040

probable cause and the search of the premises was illegal and without a search warrant, there were no extingent circumstances to enter or search the premises."

28.    The police officer had no basis to seize any property after there was never any fear for his/her safety; and thus, the police officer had no right to seize the property. People v. Roth, 496 N.Y.S. 2d 413 (1985).

29.    The police did not have a warrant to arrest or search the defendant. Since any property recovered from the defendant was in violation of the defendant's Constitutional rights, the defendant requests that any such property be summarily suppressed or that a Mapp hearing be held.

30.    The defendant contends that he did not commit the crime charged, or any other crime, and was not engaged in any unlawful activity at the time the officers approached him. The search of defendant and seizure of the alleged evidence was therefore unlawful. See People v. Mendoza, 82 N.Y.2d 415, 604 N.Y.S.2d 922 (1993).

## VI. REDUCTION OF BAIL PURSUANT TO CPL § 510.30

31.    The defendant, Jimmy Innocent, was arraigned on July 27, 2006 and bail was set in the amount of $30,000.00 bond and $10,000.00 cash.

32.    On August 9, 2006 a bail application was made before Justice Soloff in Part 60. The application to reduce the bail was denied with leave to renew.

C.P.L. §510.30 sets forth certain factors the court should consider in determining whether to set bail.

### 1)    The defendant character, reputation, habits and mental condition.

Mr. Innocent is a 30 years old African American male who is a United States Citizen. He was gainfully employed until he was injured in a automobile accident. He currently receives disability. He is described by family members as a very caring individual who has never had a history of violent behavior.

**2)     The defendant's employment and financial resources.**

Mr. Innocent, prior to his arrest, was receiving disability due to a automobile accident. His family has very limited resources, his girlfriend is employed as a teller at a local bank and his sister is a administrative assistant.

**3)     Family ties and the length of his residence in the community.**

Mr. Innocent has lived his entire life in New York City. His family resides in New York, he has no ties to any other country or state. His mother resides in Kings County and his Father resides in Philadelphia, PA, his sister also lives in Kings County.

He is scheduled to marry Merline Lincifort. Ms. Lincifort is employed as a teller at Chase Manhattan Bank in New York, New York.

**4)     Criminal record.**

The defendant no criminal record.

**5)     The defendant's record as a juvenile offender or youthful offender.**

The defendant has no juvenile record.

**6)     The weight of the evidence against the defendant and the probability or improbability of conviction and length of sentence if convicted.**

The defendant is alleged to be in a location where two firearms were found with ammunition and several pounds of marijuana. It is not alleged that the defendant had the items in his actual possession nor is there a cognizable claim that the defendant constructively possessed the contraband. The defendant is charged with two C violent felony offences and he faces an indeterminate sentence of imprisonment, the maximum term may not be less than three (3) years nor more than four (4) years and the minimum term must be one half the maximum term. Thus the least sentence is One (1) and One Half to Three (3) years and the greatest sentence is Two (2) to Four (4) years imprisonment.

The defendant is aware of the serious nature of the charges and realizes with any plea, there is a potential for incarceration. However, this fact should not prelude him from being released on reasonable bail. The defendant knows that he must make his court appearance.

Therefore, the defendant respectfully requests this Court to set a reasonable bail commensurate with his financial resources. The family, although gainfully employed, lives by very modest means.

NYC 000042

It is well-established that the purpose of bail is to insure that the defendant returns to court to face the charges against him. Justice Bellacosa has stated in the McKinney's Practice Commentaries that the only matter of legitimate concern is whether any bail or fixed amount is necessary to insure the defendant's appearance in court. New York does not have "preventive detention" like the federal system. Although preventive detention may be applicable in cases where the defendant poses a threat to the safety of the community or potential witnesses -- these are not legitimate concerns in this case. The defendant is presumed innocent, and as such a reasonable bail should be set by this court.

## CHANGE OF CIRCUMSTANCES

At the time of Mr. Innocent's arrest he was arrested and arraigned with the defendant . It was alleged that ████████████ was sleep in the same room where Mr. Innocent was sleep. ████████ is legally in the same position as Mr. Innocent. Furthermore, ████████ had a prior criminal record which Mr. Innocent did not. ████████ case was dismissed by the Grand Jury. If the correct legal instructions were provided to the Grand Jury and the two individuals were legally the same, the case against Mr. Innocent should have been dismissed. In any event it is obvious that the case against Mr. Innocent is not the strongest. Furthermore, Mr. Innocent is the only individual incarcerated for the crime alleged. ████████, the individual who owned the premises and was in the room were the drugs and weapons were found is on the streets of New York.

32. If Mr. Innocent is released on reasonable bail, he has the unequivocal support of family members who have appeared in Court. He will remain subject to the jurisdiction and orders of this Court until his criminal case is completed. It is important that a reasonable bail be set in order for the defendant to adequately prepare and assist in the preparation of his defense. In this case, the defendant's meaningful participation in his defense is of utmost importance.

## VII. MOTION TO CONTROVERT

33. The defendant, Jimmy Innocent moves for an order, CPL 710.20(1), controverting the search warrant employed in this case and suppressing the evidence acquired thereunder upon the ground that the information used for the application of said warrant was predicated upon an earlier illegal search. See, *People v. Burr,* 70 NY2d 354. The warrant was issued on or about June 25, 2006 and executed on June 26, 2006.

34.   In *Burr*, the Court explained that when the police use an illegal search as a confirmatory search, i.e., to assure that the evidence is present at the scene, which would justify the effort of securing and executing a search warrant, the police have secured a benefit which justifies suppressing the evidence subsequently seized pursuant to the search warrant. See, *U.S. v. Restrepo*, 966 F2d 964.

35.   In the instant case, police entered the premises in which the defendant was sleeping, and conducted a pre-warrant search, uncovering some of the very items of physical evidence mentioned in the subsequent warrant application, and which were ultimately seized. In short, the earlier warrantless search tainted the subsequent warranted search. See, *People v. Perez*, 265 AD2d 242, 697 NYS2d 672 (2d Dept, 1999) (Information used to apply for warrant prompted by information obtained during prior flawed warranted search).

36.   To determine whether an illegal search taints a subsequent legal warranted search, one must determine whether the decision to seek the search was 'prompted' by what was seen during the illegal search, *Murray v. U.S.* 533, 542. Although a search warrant is considered independent of the illegal entry if it would have been searched even if there had been no illegal search, *Murray*, supra, here no such independent basis existed. Moreover, 'The presence of an independent source for a warrant and subsequent search does not automatically immunize an initial warrantless search and insure the admissibility of evidence eventually seized pursuant to the warrant,' *People v. Burr*, supra.

37.   The evidence seized under said warrant consisted of Firearms, marijuana and ammunition all of which was tainted by the earlier entry, and must be suppressed, CPL 690.35(3).

38.   The information contained herein was obtained through conversations with the defendant and prosecutor, and the People's notices. See, *People v. Hightower*, 85 NY2d 988 (1995).


Accordingly, your affirmant respectfully requests that the within Motion be Granted, or in the alternative, that a hearing be held, CPL 710.60.

## IX. BILL OF PARTICULARS

39.    Attached hereto and made a part hereof, is the Request for a Bill of Particulars made pursuant to CPL § 200.95.  While I do not anticipate that the People will refuse to comply with this request, I hereby incorporate said request in order that it may be before this Court for a ruling pursuant to CPL § 200.95(5) in the event of People's refusal.

## DISCOVERY

40.    Attached hereto and made a part hereof is the Request for Discovery made pursuant to CPL § 240.20.  While I do not anticipate that the People will refuse to comply with this request, I hereby incorporate said request in order that it may be before this Court for a ruling pursuant to CPL § 200.95(5) in the event of People's refusal.

## X. SANDOVAL

41.    The defendant intends to testify at trial.  The defendant hereby moves to suppress all references by the People, during cross examination of the defendant, to any prior arrests or convictions, his parole status, and any prior bad acts, charged or uncharged, pursuant to People v. Sandoval, 34 N.Y.2d 371, 357 N.Y.S.2d 849 (1974).

42.    The defendant further requests that the District Attorney be ordered to apprise him of all arrests, convictions, bad acts or pending cases of which the People are aware, so that the Sandoval issue can be fully and fairly determined prior to trial.  CPL § 240.43

43.    The District Attorney may attempt to offer evidence of the defendant's prior convictions and/or bad acts at trial in order to impeach him if he chooses to testify.  Defendant will be deprived of a fair trial if the District Attorney is permitted to cross-examine him concerning these convictions and/or bad acts.  If such examination is not precluded, the defendant will be forced to choose between testifying; with the attendant risk that he will be

NYC 000045

convicted solely because the jury believes he has criminal propensities, and foregoing his constitutional right to testify on his own behalf.

44.    The defendant, therefore, moves that such evidence be precluded, or that a <u>Sandoval</u> hearing on this motion be held prior to trial.

## XI. <u>BRADY MATERIAL</u>

45.    The defendant hereby demands that the District Attorney furnish all evidence and information of every form and nature in the possession, custody, or control of the District Attorney or which, by the exercise of due diligence should be known to the District Attorney which may tend to exculpate the Defendant either by an indication of his innocence, or by potential impeachment of a witness to be called by the District Attorney within the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>People v. Rosario</u>, 9 N.Y. 2d 286 (1961).  Pursuant to CPL 240.60, as to any item granted herein, the District Attorney has a continuing duty to disclose additional property, documents, items, or information covered by the order.

## XII. <u>RESERVATION OF RIGHTS</u>

46.    Pursuant to CPL § 255.20(3), the defendant respectfully reserves his right to make further motions, if and when necessary, by reason of the information generated in response to these motions or in the course of any hearings held herein, until a reasonable time after the Motions for Discovery and Bill of Particulars have been answered.

**WHEREFORE**, your deponent respectfully requests that for the above reasons, this Court grant the relief sought herein and such other and further relief as to this Court may seem just and proper.

DATED:    September 5, 2006
          New York, New York

NYC 000046

Respectfully submitted,

s/

Paul P. Martin, Esq.
Preston, Wilkins & Martin, PLLC
Attorney(s) of Record for Defendant
65 Broadway - Suite 508
New York, New York 10006-2896
Telephone:  (212) 809-0000

TO:     ROBERT MORGENTHAU
        District Attorney - New York County
        Attn:  ADA Bhatia
        One Hogan Place
        New York, New York 10013
        Telephone:  (212) 335-9000

NYC 000047