SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 62

---------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

JIMMY INNOCENT,

Defendant.

---------------------------------------

AFFIRMATION IN RESPONSE
TO THE DEFENDANT'S
OMNIBUS MOTION

Indictment No. 02840/2006

Vimi Bhatia, an attorney admitted to practice before the Courts of this State, affirms under penalty of perjury that:

1. I am the Assistant District Attorney in New York County assigned to this case and am familiar with its facts.

2. This affirmation is submitted in response to the defendant's omnibus motion in which the defendant seeks inspection of the Grand Jury minutes and the dismissal of the indictment, a bill of particulars, pretrial discovery, suppression of statements, suppression of physical evidence, a Dunaway hearing, a Sandoval hearing, and in support of the People's request for reciprocal discovery.

## PEOPLE'S RESPONSE TO THE DEFENDANT'S MOTION TO INSPECT THE GRAND JURY MINUTES AND TO DISMISS THE INDICTMENT

3. The People consent to the Court's *in camera* review of the Grand Jury minutes. Inspection will reveal that the evidence before the Grand Jury amply supports the offense(s) charged, that the Grand Jury was properly instructed on the law, and that the integrity of the proceedings was unimpaired. The People deny all allegations to the contrary and oppose disclosure of the Grand Jury minutes to the defense. The issues raised in the defendant's motion are straightforward, and disclosure is not necessary to their resolution. CPL §210.30(3).

## PEOPLE'S RESPONSE TO THE DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS

4. The facts set forth in the indictment, felony complaint, and the Voluntary Disclosure Form ("VDF"), which was previously served upon defendant, provide all the particulars to which the defendant is entitled. See CPL §200.95. They specify "the substance of defendant's conduct ... which the People intend to prove at trial on their direct case ...." The other information requested is evidentiary detail beyond the scope of a bill of particulars. See, People v. Davis, 41 N.Y.2d 678, 680 (1977) ("[a] bill of particulars serves to clarify the pleading; it is not a discovery device"). Accordingly, defendant's motion for further particulars should be denied.

## PEOPLE'S RESPONSE TO THE DEFENDANT'S MOTION FOR PRETRIAL DISCOVERY

5. The Voluntary Disclosure Form ("VDF") provides all of the pretrial discovery to which the defendant is entitled. As explained more fully below, the other items the defendant seeks are not discoverable. See, People v. Colavito, 87 N.Y.2d 423, 427 (1996) (items not enumerated in CPL §240 are not discoverable as a matter of right unless constitutionally or otherwise specially mandated); See, Matter of Constantine v. Leto, 77 N.Y.2d 975 (1991); Matter of Miller v. Schwartz, 72 N.Y.2d 869, 870 (1988) (discovery matters are "regulated by statute"; thus where a defendant has no statutory right to pretrial discovery, the defendant request should be denied).

6. The defendant seeks statements that the defendant made to persons other than law enforcement officials or their agents. Such statements and information related to them are not discoverable. See CPL §240.20(1)(a).

7. The defendant requests prior statements of the People's witnesses. These statements are not discoverable at this time. See People v. Allen, 108 A.D.2d 601, 602 (1st Dept. 1985) ("[t]here is no requirement that the People furnish Rosario material to a defendant prior to commencement of trial").

**NYC 000185**                              2                                    0CC063

They will be provided to the defendant to the extent and at the time prescribed by law. See CPL §§240.44(1) and 240.45(1)(a).

8. The defendant requests numerous police reports. These reports are not discoverable at this time. See CPL §§240.20 and 240.45.

9. The defendant requests information regarding potential police witnesses and their investigative activities. This information is beyond the scope of pretrial discovery.

10. The defendant requests the names and addresses of the People's non-police witnesses. A witness list is not discoverable under CPL §240.20 and is not "other property" under CPL §240.40.

11. The defendant requests the dates of birth and/or criminal records of the People's non-police witnesses. These materials are also not discoverable at this time and will be provided as prescribed by law. See CPL §§240.44(2)(3) and 240.45(1)(b)(c).

12. The defendant requests evidence tending to impeach the People's non-police witnesses. Mere impeachment evidence is not the proper subject of pretrial discovery. See CPL §§240.20, 240.40.

13. The defendant requests exculpatory material within the meaning of Brady v. Maryland, 373 U.S. 83 (1963). The People are aware of their continuing duty under Brady to disclose exculpatory evidence to the defense and will honor that obligation.

14. The defendant requests numerous additional items of evidence and information that the People submit are not discoverable under §§240.20 or 240.40. See, Matter of Constantine v. Leto, supra; Matter of Miller v. Schwartz, supra.

NYC 000186

000064

### PEOPLE'S RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

15. As the VDF indicates, the People intend to offer in their direct case at trial statements that the defendant made to a law enforcement officer. The People submit that the defendant's statements were lawfully obtained and deny all allegations to the contrary.

### PEOPLE'S RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

16. As the VDF indicates, the People intend to offer at trial certain tangible evidence. The People submit that such evidence was lawfully obtained and deny all allegations to the contrary.

17. The defendant alleges that the search warrant executed during the investigation of this case was issued without reasonable cause. Examination of the warrant, which will be provided for the Court's in camera review, belies that claim. The warrant application provides reliable facts and circumstances that are collectively of such weight and persuasiveness as to convince a prudent person that it was reasonably likely that the evidence sought would be found at the designated location. See CPL §§690.70, 70.10(2). Accordingly, the defendant's suppression motion should be denied.

### PEOPLE'S RESPONSE TO THE DEFENDANT'S REQUEST FOR SANDOVAL HEARING

18. The People respectfully request that this matter be deferred for consideration by the trial judge. Immediately prior to the commencement of trial, the People will provide notice of prior uncharged criminal, vicious, or immoral acts that the prosecutor intends to use at trial to impeach the credibility of the defendant. See CPL §240.43.

### PEOPLE'S REQUEST FOR RECIPROCAL DISCOVERY

19. Pursuant to CPL §250.20, the People hereby demand that the defendant supply (a) the place or places where the defendant claims to have been at the time of the commission of the crime, and

4

NYC 000187

000065

(b) the names, residential addresses, places of employment and addresses thereof of every alibi witness upon whom the defendant intends to rely to establish the defendant's presence elsewhere than at the scene of the crime at the time of its commission.

20. On August 9, 2006 the People served the defendant with a demand for alibi notice pursuant to CPL §250.20(1). More than eight days have elapsed since service of said demand, and the defendant has not served a notice of alibi. Accordingly, the defendant should be precluded from presenting alibi evidence at trial. See CPL §250.20(1).

21. Pursuant to CPL §240.30(1), the People hereby demand that the defendant supply (a) any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant, if the defendant intends to introduce such report or document at trial, or if the defendant has filed a notice of intent to proffer psychiatric evidence and such report or document relates thereto, or if such report or document was made by a person, other than the defendant, whom the defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

22. More than 30 days have elapsed since the defendant pleaded not guilty to the indictment and the defendant has not served notice of an intention to present psychiatric evidence at trial. Accordingly, the defendant should be precluded from presenting such evidence. See, CPL §250.10(2).

NYC 000188

000066

Wherefore, it is respectfully requested that, except as consented to herein, the defendant's motion should be denied.

Respectfully submitted,

*[signature]*
Vimi Bhatia
Assistant District Attorney
(212) 335-3891

Dated:   New York, New York
September 15, 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

JIMMY INNOCENT,

                              Defendant.

AFFIRMATION IN RESPONSE TO THE DEFENDANT'S
OMNIBUS MOTION

Indictment NO. 02840/2006

Robert M. Morgenthau
District Attorney
New York County
One Hogan Place
New York, New York 10013
(212) 335-9000

NYC 000190

000068